Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kelly Duncan (State Bar No. 216181)
*Kelly.Duncan@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY of SAN LUIS OBISPO, a government entity

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN J. GOSS A Person Who Llacks Legal Capacity by and through his Guardian Ad Litem, CRYSTAL BRANQUINHO and CRYSTAL BRANQUINHO, individually,

Plaintiffs,

v.

COUNTY of SAN LUIS OBISPO, a government entity; WELLPATH; a Delaware limited liability company; California Forensic Medical Group, a California corporation; JACOB BLACK, in his individual capacity; AMBER BORTELLO, in her individual capacity; FRANCINE TILLMAN, in her individual capacity; YLLIANA KELLER, in her individual capacity; and DOES 1-10,

Defendants.

Case No. 2:26-cv-04235-SB-RAO

**DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO SECOND COMPLAINT; DEMAND FOR JURY TRIAL**

Judge: Stanley Blumenfeld, Jr
Magistrate Judge: Rozella A. Oliver

Trial Date: n/a

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant COUNTY OF SAN LUIS OBISPO ("Defendant") answers the Second Amended Complaint of Plaintiff ("Plaintiff"), filed . If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

2. Answering Paragraph 2, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

3. Answering Paragraph 3, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

4. Answering Paragraph 4, Defendant admits that Plaintiff was arrested on December 11, 2025 by San Luis Obispo Sheriff's Deputies and booked in the San Luis Obispo County Jail, operated by the San Luis Obispo County Sheriff's Department. As to the remaining allegations within such paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations as stated, and on those grounds deny generally and specifically the remaining allegations contained therein.

5. Answering Paragraph 5, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

6. Answering Paragraph 6, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

MANNING | KASS

7. Answering Paragraph 7, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

8. Answering Paragraph 8, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

9. Answering Paragraph 9, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

10. Answering Paragraph 10, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

11. Answering Paragraph 11, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

12. Answering Paragraph 12, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

13. Answering Paragraph 13, Defendant admits that Plaintiff was a pretrial detainee at the time of this incident, as to the remaining allegations, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

14. Answering Paragraph 14, Defendant denies generally and specifically

to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

15. Answering Paragraph 15, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

16. Answering Paragraph 16, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

17. Answering Paragraph 17, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

18. Answering Paragraph 18, Defendant admits that on or about January 22, 2026 a notice of claim form was served on the County of San Luis Obispo, through its Clerk of the Board of Supervisors, pursuant to Government Code § 911.2, regarding alleged violations of Plaintiff's constitutional rights. Defendant further admits the County rejected Plaintiff Goss' claims. Defendant further admits that on April 17, 2026, Plaintiff Branquinho filed a notice of claim form with the County, and the County rejected Plaintiff Branquinho's claim on May 11, 2026.

19. Answering Paragraph 19, Defendant admits that Plaintiff, through his counsel issued a notice of Spoilation to the County of San Luis Obispo on January 25, 2025, requesting to preserve any and all materials including jail video surveillance footage. Defendant does not have sufficient knowledge, or information or belief, to enable to answer the allegation that Plaintiff issued a notice of Spoilation to CITY.

20. Answering Paragraph 20, Defendant admits this Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that this Court has supplemental jurisdiction over any state-law claims pursuant to 28



MANNING | KASS

U.S.C. § 1367(a).

21. Answering Paragraph 21, Defendant admits that Plaintiff Goss was an inmate at the San Luis County Jail operated by the San Luis Obispo County Sheriff's Department, a subsidiary of the County of San Luis Obispo.

22. Answering Paragraph 22, Defendant admits venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

23. Answering Paragraph 23, Defendant admits that Plaintiff Goss was a pretrial detainee housed at the San Luis Obispo County jail. Defendant does not have sufficient knowledge, or information or belief, to enable to answer the allegation that Plaintiff sustained serious injuries because of a suicide attempt. Defendant denies having knowledge that Plaintiff Goss was at serious risk for committing suicide and denies any liability or wrongdoing.

24. Answering Paragraph 24, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

25. Answering Paragraph 25, Defendant admits the County of San Luis Obispo is a governmental entity that acts through individuals to establish its policies and that is capable of being sued under federal law.

26. Answering Paragraph 26, Defendant admits the San Luis Obispo County Sheriff's Department is a duly organized public entity, existing under the laws of the State of California and is responsible for supervising and operating the correctional facilities in the County of San Luis Obispo and ensuring the health and safety of all inmates and pretrial detainees incarcerated in its corrections facilities.

27. Answering Paragraph 27, Defendant admits the County contracted out its jail correctional medical services to Wellpath, LLC and/or California Forensic Medical Group. As to the remaining allegations, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

as stated, and on those grounds deny generally and specifically the remaining allegations contained therein.

28. Answering Paragraph 28, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

29. Answering Paragraph 29, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

30. Answering Paragraph 30, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

31. Answering Paragraph 31, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

32. Answering Paragraph 32, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

33. Answering Paragraph 33, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

34. Answering Paragraph 34, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

35. Answering Paragraph 35, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

36. Answering Paragraph 36, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

37. Answering Paragraph 37, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

38. Answering Paragraph 38, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

39. Answering Paragraph 39, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

40. Answering Paragraph 40, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

41. Answering Paragraph 41, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

42. Answering Paragraph 42, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

43. Answering Paragraph 43, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

44. Answering Paragraph 44, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

45. Answering Paragraph 45, Defendant admits that on December 11, 2025, at approximately 2:00 a.m., Plaintiff Goss was arrested by a San Luis Obispo County Deputy Sheriff for evading, reckless driving, and related charges.

46. Answering Paragraph 46, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

47. Answering Paragraph 47, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

48. Answering Paragraph 48, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and

specifically each and every of the allegations contained therein.

49. Answering Paragraph 49, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

50. Answering Paragraph 50, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

51. Answering Paragraph 51, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

52. Answering Paragraph 52, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

53. Answering Paragraph 53, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

54. Answering Paragraph 54, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

55. Answering Paragraph 55, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and



MK MANNING | KASS

specifically each and every of the allegations contained therein.

56. Answering Paragraph 56, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

57. Answering Paragraph 57, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

58. Answering Paragraph 58, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

59. Answering Paragraph 59, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

60. Answering Paragraph 60, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

61. Answering Paragraph 61, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

62. Answering Paragraph 62, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and

specifically each and every of the allegations contained therein.

63. Answering Paragraph 63, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

64. Answering Paragraph 64, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

65. Answering Paragraph 65, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

66. Answering Paragraph 66, Defendant admits that on December 13, 2025, at approximately 3:35 p.m., Plaintiff Goss jumped from the second story of the housing tier.

67. Answering Paragraph 67, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

68. Answering Paragraph 68, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

69. Answering Paragraph 69, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.



MANNING | KASS

70. Answering Paragraph 70, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

71. Answering Paragraph 71, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

72. Answering Paragraph 72, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

73. Answering Paragraph 73, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

74. Answering Paragraph 74, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

75. Answering Paragraph 75, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

76. Answering Paragraph 76, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

77. Answering Paragraph 77, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

78. Answering Paragraph 78, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

79. Answering Paragraph 79, Defendant admits that while in the San Luis Obipso County Jail, Plaintiff Goss was a pretrial detainee and had not yet been convicted of a crime.

80. Answering Paragraph 80, Defendant admits that as a pretrial detainee, Plaintiff Goss was guaranteed rights under the due process clause of the Fourteenth Amendment.

81. Answering Paragraph 81, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

82. Answering Paragraph 82, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

83. Answering Paragraph 83, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

84. Answering Paragraph 84 (sic 68), Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

**SECOND CLAIM FOR RELIEF**

**MONELL: UNCONSTITUTIONAL POLICIES AND CUSTOMS**

**(Against Defendants COUNTY, WELLPATH, AND CFMG)**

85. Answering Paragraph (sic) 68, Defendant cites its responses to paragraphs 1-84.

86. Answering Paragraph (sic) 69, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all

liability and/or wrongdoing.

87. Answering Paragraph (sic) 70, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

88. Answering Paragraph (sic) 71, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

89. Answering Paragraph (sic) 72, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

90. Answering Paragraph (sic) 73, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

91. Answering Paragraph (sic) 74, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

92. Answering Paragraph (sic) 75, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

93. Answering Paragraph (sic) 76, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

94. Answering Paragraph (sic) 77, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

95. Answering Paragraph (sic) 78, Defendant admits there was a federal DOJ investigation pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997. Defendant denies the DOJ's resulting findings and

settlement placed the County on repeated notice that its suicide-prevention, housing, monitoring, and review systems were systemically deficient.

96. Answering Paragraph (sic) 79, Defendant admits that two pretrial detainees attempted suicide at the San Luis Obispo County Jail.

97. Answering Paragraph (sic) 80, Defendant admits that on September 1, 2018, inmate Michael Nonella died by suicide at the San Luis Obispo County Jail. Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein.

98. Answering Paragraph (sic) 81, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

99. Answering Paragraph (sic) 82 Defendant admits the DOJ issued formal findings in August 2021 related to the County's failure to provide constitutionally adequate mental health care to inmates.

100. Answering Paragraph (sic) 83, Defendant admits the County entered into a DOJ settlement agreement in January 2025. Defendant denies the remaining allegations contained therein.

101. Answering Paragraph (sic) 84, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

102. Answering Paragraph (sic) 85, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

103. Answering Paragraph (sic) 86, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations



MANNING | KASS

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

104. Answering Paragraph (sic) 87, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

105. Answering Paragraph (sic) 88, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

106. Answering Paragraph (sic) 89, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

107. Answering Paragraph (sic) 90, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

108. Answering Paragraph (sic) 91, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

109. Answering Paragraph (sic) 92, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

110. Answering Paragraph (sic) 93, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

111. Answering Paragraph (sic) 94, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

112. Answering Paragraph (sic) 95, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

113. Answering Paragraph (sic) 96, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

114. Answering Paragraph (sic) 97, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

115. Answering Paragraph (sic) 98, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

116. Answering Paragraph (sic) 99, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

117. Answering Paragraph (sic) 100, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

118. Answering Paragraph (sic) 101, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

**THIRD CLAIM FOR RELIEF**

**MONELL: FAILURE TO TRAIN AND SUPERVISE**

**(Against COUNTY, WELLPATH, and CFMG)**

119. Answering Paragraph (sic) 103, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

120. Answering Paragraph (sic) 104, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

121. Answering Paragraph (sic) 105, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

122. Answering Paragraph (sic) 106, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

123. Answering Paragraph (sic) 107, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

124. Answering Paragraph (sic) 108, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

125. Answering Paragraph (sic) 109, Defendant denies generally and

specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

126. Answering Paragraph (sic) 110, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

127. Answering Paragraph (sic) 111, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

128. Answering Paragraph (sic) 112, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

## FOURTH CLAIM FOR RELIEF

## MONELL: RATIFICATION

## (Against COUNTY, WELLPATH, and CFMG)

129. Answering Paragraph (sic) 114, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

130. Answering Paragraph (sic) 115, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

131. Answering Paragraph (sic) 116, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

132. Answering Paragraph (sic) 117, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

133. Answering Paragraph (sic) 118, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all



MK MANNING | KASS

liability and/or wrongdoing.

134. Answering Paragraph (sic) 119, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

135. Answering Paragraph (sic) 120, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

**FIFTH CLAIM FOR RELIEF**

**Supervisory Liability per 42 U.S.C. § 1983**

**(Against Defendants DOES 6 and 7)**

136. Answering Paragraph (sic) 122, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

137. Answering Paragraph (sic) 123, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

138. Answering Paragraph (sic) 124, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

139. Answering Paragraph (sic) 125, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

140. Answering Paragraph (sic) 126, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

141. Answering Paragraph (sic) 127, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

**SEVENTH CLAIM FOR RELIEF**

**NEGLIGENCE**

**(Against CFMG, BLACK, TILLMAN, BORTELLO, KELLER, and DOES 1-10)**

142. Answering Paragraph (sic) 136, Defendant admits that San Luis Obispo County is responsible for the custody, care and control of inmates at the San Luis Obispo County Jail. Defendant denies generally and specifically the remaining allegations and denies all wrongdoing or liability.

143. Answering Paragraph (sic) 138, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

144. Answering Paragraph (sic) 143, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

145. Answering Paragraph (sic) 144, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

146. Answering Paragraph (sic) 145, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

**EIGHTH CLAIM FOR RELIEF**

**BANE ACT C.C. 52.1 et seq. (State)**

**(Against COUNTY, WELLPATH, CFMG, TILLMAN, BORTELLO, KELLER, and DOES 1-10)**

147. Answering Paragraph 147, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

148. Answering Paragraph 148, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

149. Answering Paragraph 150, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

150. Answering Paragraph 151, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

151. Answering Paragraph 152, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

152. Answering Paragraph 155, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

153. Answering Paragraph 156, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

154. Answering Paragraph 157, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

155. Answering Paragraph 158, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability

and/or wrongdoing.

156. Answering Paragraph 159, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

157. Answering Paragraph 160, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

158. Answering Paragraph 161, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

159. Answering Paragraph 162, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

160. Answering Paragraph 163, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

161. Answering Paragraph 164, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

162. Answering Paragraph 165, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

163. Answering Paragraph 166, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

164. Answering Paragraph 167, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

MANNING | KASS

**NINTH CLAIM FOR RELIEF**

**Failure to Summon Medical Care Per G.C. § 845.6 and 844.6**

**(Against COUNTY, and DOES 1-2 and 3-4)**

165. Answering Paragraph 169, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

166. Answering Paragraph 170, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

167. Answering Paragraph 171, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

**TENTH CLAIM FOR RELIEF**

**LOSS OF CONSORTIUM**

**(Plaintiff Branquinho Agasint CFMG, BLACK, TILLMAN, BORTELLO, KELLER and DOES 1-10)**

168. Answering Paragraph 173, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

169. Answering Paragraph 174, Defendant denies generally and specifically to each and every allegation contained therein, and Defendant denies all liability and/or wrongdoing.

**AFFIRMATIVE DEFENSES**

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

MANNING | KASS

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As a separate and first affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. As a separate and second affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges each Plaintiff's action is time-barred by the operative statute(s) of limitation. Plaintiffs' Second Amended Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 337,1, 337,15, 338(a), 338(b), 338(c), 338(d), 338, 340(3) and/or 343.

3. Plaintiffs' action is barred by laches and delay on the Plaintiffs' part to the prejudice of Defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

4. As a separate and third affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Second Amended Complaint is barred based on Plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit. This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq*, including, but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

5. Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including but not limited to California Government Code §§ 901, 905, 905.2, 910, 911, 911.2, 945.4, 945.6, 946.6, 950.2.

6. Plaintiffs' recovery is barred because the factual allegations of the complaint do not correspond with the facts set forth in Plaintiffs' written claim. The complaint thereby alleges a factual basis for recovery which is not fairly reflected in the written claim.

**FOURTH AFFIRMATIVE DEFENSE**

**(Contributory or Comparative Negligence of Plaintiffs)**

7. As a separate and fourth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges Plaintiffs' claims are barred or limited by Plaintiffs' own contributory/comparative negligence or other conduct, acts, or omissions. To the extent any Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligence or deliberate actions or omissions.

8. Plaintiffs' recovery is barred because any injury or damage suffered by Plaintiffs was caused solely by reason of the Plaintiffs' wrongful acts and conduct. The conduct set forth in the Second Amended Complaint, if and to the extent it occurred, was privileged to and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendants on account of such conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9. As a separate and fifth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that Plaintiffs' action is barred by reason of conduct, actions and inactions of Plaintiffs which amount to and constitute a waiver of any right Plaintiffs may or might have had in reference to the matters and things alleged in the Complaint or



MK MANNING | KASS

that otherwise estop Plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

10. As a separate and sixth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Public Entity Immunity)**

11. As a separate and seventh affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

12. The answering Defendant is informed and believes and thereon alleges that if any Plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendant. To the extent that any of Plaintiffs' damages were so caused, any recovery by Plaintiffs as against the answering Defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.



MANNING | KASS

MANNING | KASS

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Exercise of Discretion Vested in Public Employee)**

13. As a separate and eighth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that there is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code §§ 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

14. Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

15. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by a failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension, or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821, and 821.2. Based thereon, the answering Defendant is immune from liability for any injuries claimed by Plaintiffs, herein.

16. This answering Defendant is immune from an detriment resulting from any of its actions or omissions at the time of the incident of which Plaintiffs complain pursuant to Government Code §§810 *et seq.*, 815 *et seq.*, 820 *et seq*, and 845 *et seq*.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Qualified Immunity)**

17. As a separate and ninth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that Defendant and its agents, officers or deputies at all times relevant to this action

MANNING | KASS

acted reasonably and prudently under the circumstances. Defendant therefore asserts the individual Defendants' Qualified Immunity from liability to the fullest extent applicable.

18. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because they acted with good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because a reasonable Sheriff's Deputy could believe that their acts and conduct were appropriate. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendant(s) is/are also immune from liability under the doctrine of Qualified Immunity.

19. At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules, and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal. Gov't Code §§ 815.2 and 820.2.

**TENTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel/Res Judicata)**

20. As a separate and tenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Complaint is barred under the doctrine of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Election)**

21. As a separate and eleventh affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that at the time of trial, the answering defendant(s) may elect to limit or diminish Plaintiffs' alleged damages or losses as provided and authorized by California Civil

Code § 3333.1, and 3333.2 and California Code of Civil Procedure § 667.1, and the provisions of Proposition 51 as enacted into law in the State of California.

22. In the event that any of the Defendants herein is found liable for damages to any Plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code § 1431.2, in direct proportion to each individual answering defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether joined as defendants or not; and that a separate judgment be rendered against each answering defendant for such amount.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Cal. Gov't Code 815.2 and 820.2 Foreclosure of Claims)**

23. As a separate and twelfth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges that to the extent that the Complaint attempts to predicate liability upon any public entity Defendants or any employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Gov't Code §§ 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to nay plaintiff; but the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal. App. 4th , 238, 251-253, 255-256 (2007).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Respondeat Superior Liability)**

24. As a separate and thirteenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein,



MK MANNING | KASS

MANNING | KASS

Defendant alleges that this answering Defendant(s) may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Gov't Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 27 Cal.2d 356, 378-379; *Monell v. Dep't of Social Svcs of the City of New York* (1978) 437 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Bar to Punitive Damages)**

25. As a separate and fourteenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein, Defendant alleges Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. Cal. Gov't Code § 818; *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

26. At no time and place mentioned in the Second Amended Complaint, did Defendant(s) act with deliberate indifference or malicious intent to deprive any persons of any Constitutional or legal right or to cause any other injury and, therefore, Defendant(s) is/are immune from liability.

27. Any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Acts Alleged Are Merely Tortious)**

28. 28. As a separate and fifteenth affirmative defense to the Second Amended Complaint, and to the purported causes of action set forth therein,

Defendant alleges that Plaintiffs' claims under the Federal Civil Rights Act are barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the indignity of a civil rights violation. All individual defendants acted with objective reasonableness under the totality of the circumstances and no individual defendant acted with deliberate indifference to a known right of Plaintiff or subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

**RESERVATION OF AFFIRMATIVE DEFENSES**

29. Because the Second Amended Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of Plaintiffs' claims or elements thereof.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded his costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.



MK MANNING | KASS

DATED: July 30, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Eugene P. Ramirez

Eugene P. Ramirez
Kelly Duncan
Attorneys for Defendants, COUNTY of SAN LUIS OBISPO, a government entity

**DEMAND FOR JURY TRIAL**

Defendant, COUNTY OF SAN LUIS OBISPO , hereby demands trial of this matter by jury.

DATED: July 30, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Eugene P. Ramirez
Eugene P. Ramirez
Kelly Duncan
Attorneys for Defendants, COUNTY of SAN LUIS OBISPO, a government entity

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017-3012.

On July 30, 2026, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF SAN LUIS OBISPO'S ANSWER TO SECOND COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Mikel**
  j.mikel@sehatlaw.com

- **Cameron Sehat**
  cameron@sehatlaw.com,laura.d@sehatlaw.com,alexis@sehatlaw.com,j.mikel@sehatlaw.com,gowri.c@sehatlaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 30, 2026, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

MK MANNING | KASS