Joshua M. George, SBN: 244565
george@ammcglaw.com
Betzy Y. Bras-Gonzalez, SBN: 328716
bbrasgonzalez@ammcglaw.com
ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
*Mailing Address*: Post Office Box 3835
San Luis Obispo, CA 93403-3835
*Physical Address*: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990
Facsimile: (805) 543-0980
Attorneys for Defendant, Jacob Black

Filing Fee Exempt
(Gov. Code, § 6103)



**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN J. GOSS, individually; and CRYSTAL BRANQUINHO, individually,

Plaintiffs,

v.

COUNTY OF SAN LUIS OBISPO, a government entity; WELLPATH, a Delaware limited liability company; CALIFORNIA FORENSIC MEDICAL GROUP, a California corporation; JACOB BLACK, in his individual capacity; AMBER BORTELLO, in her individual capacity; FRANCINE TILLMAN, in her individual capacity; YLLIANA KELLER, in her individual capacity; and DOES 1 through 10,

Defendants.

CASE NO.: 2:26-cv-04235-SB-RAO

**DEFENDANT JACOB BLACK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Hearing Date; October 2, 2026**
**Time: 8:30 a.m.**
**Location: Courtroom 6C**

PLEASE TAKE NOTICE that on October 2, 2026 at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6C of the above-entitled court located at the Felicitas and Gonzalo Mendez United States Courthouse, 350 West First Street, Suite 4311, Los Angeles, California 90012, defendant, Officer Jacob Black ("Officer Black" or "Defendant") will and hereby does move this Court for an order dismissing all claims against Officer Black alleged in plaintiffs, Justin J.

Goss and Crystal Branoquinho's (together, "Plaintiffs"), Second Amended Complaint. Officer Black moves this Court to dismiss the First, Seventh, and Tenth Causes of Action against him pursuant to Federal Rule of Civil Procedure 12b(6), on the grounds that the Second Amended Complaint fails to state a claim upon which relief can be granted against Officer Black.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the request for judicial notice, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

Counsel met and conferred on July 29, 2026, pursuant to L.R. 7-3 and Sections 6 and 7 of Judge Blumenfeld, Jr.'s Standing Order for Civil Cases, but did not reach an agreement.

Date: August 10, 2026

ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP

*/s/ Joshua M. George*
Joshua M. George
Betzy Y. Bras-Gonzalez
Attorneys for Defendant, Jacob Black

# TABLE OF CONTENTS


I. INTRODUCTION ........ 8

II. RELEVANT PROCEDURAL HISTORY ........ 8

III. SUMMARY OF FACTUAL ALLEGATIONS ........ 9

A. Plaintiffs' *Factual* Allegations Regarding Officer Black Are Limited to His One-Time Discussion With a Third Party the Day Prior to Plaintiff Goss's Arrest and Custody by the SLO County Sheriff's Department ........ 9

B. Plaintiffs Allege Other Defendants Had Independent Knowledge of Plaintiff Goss' History of Suicide Attempts Prior to the December 13, 2025 Incident ........ 9

C. Plaintiffs Allege That On December 13, 2025, Plaintiff Goss Attempted Suicide While In Custody ........ 10

IV. LEGAL STANDARD ........ 10

V. ARGUMENT ........ 12

A. Plaintiffs' First Claim for Relief for Deliberate Indifference to a Substantial Risk of Harm to Health Fails to State a Claim Upon Which Relief Can Be Granted ........ 12

1. Officer Black had no custodial relationship with Plaintiff Goss and made no decisions regarding his conditions of confinement ........ 12

2. Plaintiffs' conclusory allegations regarding causation are contradicted ........ 13

3. Even if sufficient facts were pleaded to state a claim, Officer Black has qualified immunity ........ 13

B. Plaintiffs' Seventh Claim for Relief for Negligence (State Law) Fails To State a Claim Upon Which Relief Can be Granted ........ 15






ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1. Officer Black did not owe a duty to Plaintiff Goss ................15
2. Officer Black is immune under state law ................................16
C. Plaintiff Branquinho's Tenth Claim for Relief for Loss of Consortium Fails to State a Claim Upon Which Relief Can Be Granted ..........................................................................17
V. CONCLUSION ..........................................................................18

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

# TABLE OF AUTHORITIES

**Cases**

*Adams v. City of Fremont*
68 Cal. App. 4th 243 (1998) .......................................................... 16

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011) .......................................................... 14

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) .......................................................... 10

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......................................................... 11

*Branch v. Tunnell*
14 F.3d 449 (9th Cir. 1994) .......................................................... 11

*Brown v. USA Taekwondo*
11 Cal. 5th 204 (2021) .......................................................... 16

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*
911 F.2d 242 (9th Cir. 1990) .......................................................... 11

*Coto Settlement v. Eisenberg*
593 F.3d 1031 (9th Cir. 2010) .......................................................... 11

*Dist. of Columbia v. Wesby*
583 U.S. 48 (2018) .......................................................... 14

*Estate of Dadkhah v. City of San Diego*
2025 WL 2495244 (S.D. Cal. Aug. 29, 2025) .......................................................... 16

*Galbraith v. Cnty. of Santa Clara*
307 F.3d 1119 (9th Cir. 2002) .......................................................... 11

*Gordon v. County of Orange*
888 F.3d 1118 (9th Cir. 2018) .......................................................... 12, 13

*Hahn v. Mirda*
147 Cal. App. 4th 740 (2007) .......................................................... 17

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

*Hines v. Youseff*
914 F.3d 1218 (9th Cir. 2019) .......... 14

*Jessop v. City of Fresno*
936 F.3d 937 (9th Cir. 2019) .......... 14, 15

*Mitchell v. Forsyth*
472 U.S. 511 (1985) .......... 13

*Mullenix v. Luna*
577 U.S. 7 (2015) .......... 14

*Nicholson v. City of L.A.*
935 F.3d 685 (9th Cir. 2019) .......... 14

*Pearson v. Callahan*
555 U.S. 223 (2009) .......... 14, 15

*Reichle v. Howards*
566 U.S. 658 (2012) .......... 14

*Rodriguez v. Bethlehem Steel Corp.*
12 Cal.3d 382 (1974) .......... 17

*Saucier v. Katz*
533 U.S. 194 (2001) .......... 14

*Starr v. Baca*
652 F.3d 1202 (9th Cir. 2011) .......... 11

*United States v. Ritchie*
342 F.3d 903 (9th Cir. 2003) .......... 11

*Van Buskirk v. Cable News Network, Inc.*
284 F.3d 977 (9th Cir. 2002) .......... 11

*Vanhooser v. Superior Court*
206 Cal. App. 4th 921 (2012) .......... 17

*Ventura v. Rutledge*
978 F.3d 1088 (9th Cir. 2020) .......... 14, 15

*Vos v. City of Newport Beach*
892 F.3d 1024 (9th Cir. 2018)........15

*Williams v. State of California*
34 Cal. 3d 18 (1983)........15

**Rules**

Fed. R. Civ. P. 12(b)(6) ........10

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs, Justin J. Goss and Crystal Branquinho (together, "Plaintiffs"), claim that by interviewing a *third-party witness* and failing to provide that witness's statements to the San Luis Obispo County Jail ("County Jail"), which took custody of Plaintiff Goss a day later, defendant, Officer Black ("Officer Black" or "Defendant")—a police officer with a different agency—somehow caused Plaintiffs harm. However, Officer Black owed no duty to either Plaintiff. Officer Black did not interview, interact with, arrest, or take custody of Plaintiff Goss. Nor did Officer Black confine Plaintiff Goss or make *any* decisions related to his confinement. Officer Black's conduct was limited to one interaction with a third-party witness a day before Plaintiff Goss's arrest, and days prior to Plaintiff Goss's suicide attempt while in custody at the County Jail. Further, since Plaintiff Branquinho's Loss of Consortium claim requires a tortious injury to a spouse caused by the Defendant, her claim fails as well.

## II. RELEVANT PROCEDURAL HISTORY

On July 17, 2026, Plaintiffs filed their Second Amended Complaint ("SAC") alleging ten claims of relief against several defendants. Req. for Judicial Notice No. 1. The SAC includes the following claims against Officer Black: First Claim for Relief, Deliberate Indifference to a Substantial Risk of Harm to Health (42 U.S.C. § 1983 –14th Amendment); Seventh Claim for Relief, Negligence; and Tenth Claim for Relief, Loss of Consortium. No other claims are alleged against Officer Black.

///

///

///

///

///





ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

## III. SUMMARY OF FACTUAL ALLEGATIONS

### A. Plaintiffs' *Factual* Allegations Regarding Officer Black Are Limited to His One-Time Discussion With a Third Party the Day Prior to Plaintiff Goss's Arrest and Custody by the SLO County Sheriff's Department

Plaintiffs allege that on December 10, 2025, Officer Black, a police officer with the Arroyo Grande Police Department ("AGPD"), contacted a third party, Trisha Roberts, to obtain information about Plaintiff Goss. SAC ¶ 44. Ms. Roberts answered Officer Black's questions and informed him that Plaintiff Goss was at risk of committing suicide by sharing text messages that she received from Plaintiff Gross indicating his intent. (*Id.*) Plaintiffs further allege that Officer Black failed to communicate the content of the text messages with any custodial and/or medical staff at the San Luis Obispo County Jail. SAC ¶ 47. Notwithstanding, Plaintiffs also contend that a SLO County dispatcher was "allegedly told that [Plaintiff Goss] had expressed suicidal intent," directly contradicting their claim that Officer Black did not communicate the information. SAC ¶ 71.

These are all the factual contentions regarding Officer Black's conduct. Plaintiffs then conclusively allege that by failing to communicate what the third-party witness said, Officer Black failed to take reasonable measures to abate the risk of Plaintiff Goss's suicide attempt. SAC ¶ 71. However, the SAC also alleges that all other defendants had independent knowledge of Plaintiff Goss's history of suicide attempts prior to his December 13, 2025 attempt. SAC ¶¶ 5, 8, 9, 43, 56.

### B. Plaintiffs Allege Other Defendants Had Independent Knowledge of Plaintiff Goss's History of Suicide Attempts Prior to the December 13, 2025 Incident

Plaintiffs allege that by the time Plaintiff Goss was booked in the County Jail, County correctional deputies and medical staff were aware of his prior suicide attempts, but failed to provide appropriate monitoring or housing, and ignored

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

obvious risk factors because Plaintiff Goss denied he had plans to commit suicide at the time. SAC ¶¶ 5, 8. During his jail intake screening on December 11, 2025, County Jail medical staff documented multiple suicide-risk indicators, including two prior suicide attempts (i.e., in 1997, Plaintiff Goss attempted to end his life by overdose and in 2022, he cut his wrists); daily methamphetamine use; prior psychiatric hospitalization; and a positive mental-health screening requiring urgent evaluation. SAC ¶¶ 8, 9, 56. In addition, classification reported Plaintiff Goss's odd behavior and a history of self-harm. SAC ¶ 9. Over the next 24 hours, three mental health professionals, Defendants Tillman, Bortello, and Keller, each evaluated Plaintiff Goss, observed symptoms consistent with acute psychological distress, and confirmed his history and suicide, yet each deferred housing decisions to classification. SAC ¶ 9. Furthermore, Plaintiff Goss's prior suicide attempts were also noted in his jail medical records maintained by County in connection with two prior incarcerations in 2020 and 2025. SAC ¶ 43.

### C. Plaintiffs Allege That On December 13, 2025, Plaintiff Goss Attempted Suicide While In Custody

Plaintiffs allege that on December 13, 2025, Plaintiff attempted suicide by jumping headfirst from the second story of the housing tier, sustaining debilitating injuries. SAC ¶ 10. Prior to jumping, Plaintiff had walked from his cell to the second-floor tier at different times and looked down, as he actively contemplated suicide. SAC ¶ 11. Additionally, between December 11, 2025 and December 13, 2025, inmate Jaylen Martin repeatedly raised concerns to correctional deputies that Plaintiff Goss was suicidal. SAC ¶ 64.

## IV. LEGAL STANDARD

Dismissal of a complaint is appropriate when the facts alleged fail to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This is true if there is a (1) "lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*,

901 F.2d 696, 699 (9th Cir. 1990). The Supreme Court has ruled that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]"). If a court dismisses a complaint, it should grant leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A court must normally convert a Rule 12(b)(6) motion into a motion for summary judgment if it "considers evidence outside the pleadings[.]" *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. Incorporation by reference refers to "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). To incorporate such a document, the plaintiff must "refer extensively to the document" or "the document [must] form[ ] the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of [that] document." *Coto*

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

*Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

## V. ARGUMENT

### A. Plaintiffs' First Claim for Relief for Deliberate Indifference to a Substantial Risk of Harm to Health Fails to State a Claim Upon Which Relief Can Be Granted

"[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision *with respect to the conditions under which the plaintiff was confined*; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. County of Orange,* 888 F.3d 1118, 1125 (9th Cir. 2018) (emphasis added). A pretrial detainee's Fourteenth Amendment claim for deliberate indifference is governed by an objective standard. (*Id*. at 1124-25.)

#### 1. Officer Black had no custodial relationship with Plaintiff Goss and made no decisions regarding his conditions of confinement.

Plaintiffs' first claim fails because the SAC contains no allegations—and cannot be amended to add allegations—that Officer Black made *any* decision, much less an intentional one, with respect to the conditions of Plaintiff Goss's confinement. Officer Black did not arrest, book, screen, house, classify, or supervise Plaintiff Goss. In fact, Officer Black had zero interaction with Plaintiff Goss and was not employed by the agency that arrested and took custody of Plaintiff Goss. By Plaintiffs' own contention, from the time Plaintiff Goss was booked into the County Jail until the time of the incident on December 13, 2025, the co-





ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

defendants repeatedly denied him proper medical care in repeated violation of his Fourteenth Amendment rights. SAC ¶ 70. However, there are no allegations that Officer Black was involved in any way with Plaintiff Goss from the time of his booking to the date of the incident. Officer Black's interactions were limited to the December 10, 2025 discussion with a third-party witness, prior to Plaintiff Goss's booking on December 11, 2025, and his attempted suicide on December 13, 2025.

As such, because Plaintiffs failed to plead all essential elements of this claim against Officer Black and because Plaintiffs cannot allege additional facts regarding Officer Black, the first claim against him must be dismissed.

**2. Plaintiffs' conclusory allegations regarding causation are contradicted.**

The fourth element of a pretrial detainee's medical care claim requires that the defendant's conduct caused the plaintiff's injuries. *Gordon v. County of Orange,* 888 F.3d at 1125. Plaintiffs fail to allege any facts that Officer Black's conduct caused Plaintiff Goss's injuries. Instead, they allege that "[a]s a result of the repeated denial of proper medical and psychiatric care, [Plaintiff Goss] spent his time at the [County Jail] suffering unnecessary psychological turmoil before attempting to take his own life and suffering devastating injuries." SAC ¶ 82. Officer Black had no interactions with Plaintiff Goss, and Plaintiff Goss was not in Officer Black's custody at the County Jail. Furthermore, Plaintiffs allege that by the time Plaintiff Goss was booked in the County Jail, County correctional deputies and medical staff were aware of his prior suicide attempts, undercutting that any of Officer Black's conduct caused Plaintiff Goss' injuries.

**3. Even if sufficient facts were pleaded to state a claim, Officer Black has qualified immunity.**

The doctrine of qualified immunity provides government officials with "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). This privilege

"is an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (quotation and emphasis omitted). Such immunity "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011); *Dist. of Columbia v. Wesby*, 583 U.S. 48, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018) (same).

In analyzing a claim of qualified immunity, a federal court must decide whether: (1) "the facts that a plaintiff has alleged [ ] or shown [ ] make out a violation of a constitutional right"; and (2) "whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quotation omitted); *Jessop v. City of Fresno*, 936 F.3d 937 (9th Cir. 2019) (same, concluding that qualified immunity protected police who allegedly stole property during execution of a search warrant). A district court "may consider the two questions in any order." *Ventura v. Rutledge*, 978 F.3d 1088, 1091 (9th Cir. 2020).

To be clearly established, "a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle*, 566 U.S. at 664. This requires demonstrating that the law prohibited the "particular conduct" in the "specific context of the case" at issue. *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 193 L. Ed. 2d 255 (2015). What matters is whether existing precedent establishes the right beyond debate so that there is a clear or obvious violation of the Constitution. *Hines v. Youseff*, 914 F.3d 1218, 1230 (9th Cir. 2019) (quoting *al-Kidd*). Qualified immunity focuses on whether the officer "had fair notice" of that potential violation. *Nicholson v. City of L.A.*, 935 F.3d 685,

690 (9th Cir. 2019); *Ventura*, 978 F.3d 1088, 2020 WL 6192981, at *3 (an officer is entitled to qualified immunity unless precedent from other cases "squarely govern" relevant conduct). A plaintiff "bears the burden of showing that the rights allegedly violated were clearly established." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018).

Even if Plaintiffs had pled facts sufficient to establish the liability of Officer Black, he has a compelling claim for qualified immunity unless Plaintiffs can identify judicial decisions clearly establishing their claims. *Pearson*, 555 U.S. at 232; *Jessop*, 936 F.3d 937. Plaintiffs have failed to identify any such decisions.

Plaintiffs have not plead sufficient facts which would impose a non-custodial officer of one agency a Fourteenth Amendment duty to relay a third-party witness's report of a suspect's pre-arrest suicidal statements to a jail operated by another agency.

By Plaintiffs' allegations, Officer Black is a police officer with the AGPD who interacted with a third-party witness three days before Plaintiff Goss' suicide attempt. Officer Black did not respond to any calls which required his interaction with Plaintiff Goss, and he did not speak with, arrest, or take custody of Plaintiff Goss. As such, by the face of the SAC, it is evident that Officer Black has qualified immunity.

**B. Plaintiffs' Seventh Claim for Relief for Negligence (State Law) Fails to State a Claim Upon Which Relief Can be Granted**

**1. Officer Black did not owe a duty to Plaintiff Goss.**

Under California law, police officers generally owe no duty to protect a specific individual from third-party or self-inflicted harm *absent a special relationship or affirmative act that creates or increase the risk. Williams v. State of California*, 34 Cal. 3d 18, 23-4 (1983) ("A person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

to act." "In spite of the fact that our tax dollars support police functions, it is settled that the rules concerning the duty—or lack thereof—to come to the aid of another are applicable to law enforcement personnel in carrying out routine traffic investigations."); *Estate of Dadkhah v. City of San Diego*, No. 24-cv-00097, 2025 WL 2495244, at *10-12 (S.D. Cal. Aug. 29, 2025) ("While Plaintiffs provide specific neighbors' interactions with the Doe Defendants, '[t]he officers' statements to [decedent's] neighbors alone are not enough to create a special relationship with a duty of care to [decedent].'" "[T]he Doe Defendants did not interact with [decedent] directly and did not offer special protection to [decedent] sufficient to establish a special relationship."). In fact, California courts have expressly recognized that, absent a special relationship, a police officer has no duty to act to prevent a suicide. *See generally Adams v. City of Fremont,* 68 Cal. App. 4th 243 (1998) (*disapproved in part on other grounds by Brown v. USA Taekwondo,* 11 Cal. 5th 204, 222 n.9 (2021)).

Here, as discussed above, Officer Black never interacted with Plaintiff Goss, did not arrest him, and did not take custody of him. Officer Black took no other actions, and Plaintiffs have alleged no other actions by Officer Black which would establish a special relationship. As such, because no special relationship was ever established between Officer Black and Plaintiff Goss, this claim must be dismissed as to Officer Black.

**2. Officer Black is immune under state law.**

Assuming, arguendo, that Plaintiffs have plead sufficient facts to state a claim—which they have not—Officer Black is immune from the state law claims under several California Government Code immunities, including Government Code section 820.8 (no liability for act of others), 820.2 (immunity for discretionary acts), 845 (no liability for failure to provide police protection), and 845.6 (duty to summon medical care attaches to the custodial officer). The allegations of the SAC fall squarely within these immunities and, as such, Officer Black cannot be liable

for negligence.

**C. Plaintiff Branquinho's Tenth Claim for Relief for Loss of Consortium Fails to State a Claim Upon Which Relief Can Be Granted**

California law provides that a married person whose spouse has been injured by the negligence of a third party may recover for loss of consortium. *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 385 (1974). A loss of consortium is the loss of certain rights and privileges inherent in the marital relationship, including companionship, emotional support, love, and sexual relations. *Id*. at 404-06. The elements of a loss of consortium claim are: (1) a valid and lawful marriage between the spouse and the injured spouse at the time of the injury; (2) a tortious injury to one spouse; (3) loss of consortium suffered by the non-injured spouse; and (4) the loss was proximately caused by the defendant's act. *Vanhooser v. Superior Court,* 206 Cal. App. 4th 921, 927 (2012). "A cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse." *Hahn v. Mirda,* 147 Cal. App. 4th 740, 746 (2007).

Here, Plaintiff Branquinho's tenth claim fails because she has failed to properly plead a tortious injury to Plaintiff Goss proximately caused by Officer Black. As described above, Officer Black never even spoke or interacted with Plaintiff Goss. None of Officer Black's conduct, as alleged in the SAC, amounts to a proper claim of tortious injury to Plaintiff Goss. As the other causes of action against Officer Black fail on the face of the SAC, there is no cause of action for tortious injury to Plaintiff Goss that Plaintiff Branquinho's claim for loss of consortium may rely on. As such, this claim for relief must be dismissed as well.

///

///

///

///

## VI. CONCLUSION

For all the foregoing reasons, Officer Black respectfully requests this Court for an Order dismissing each and every claim for relief alleged against him in the SAC, including the First, Seventh, and Tenth Claims for Relief.

Date: August 10, 2026

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP

*/s/ Joshua M. George*

Joshua M. George
Betzy Y. Bras-Gonzalez
Attorneys for Defendant, Jacob Black

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant Jacob Black, certifies that this brief contains 3,242 words, which complies with the word limit of L.R. 11-6.

Dated: August 10, 2026

*/s/ Joshua M. George*
Joshua M. George

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law