KENDRA N. STARK (SBN: 363663)
kstark@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054

Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUSTIN J. GOSS, individually; and CRYSTAL BRANQUINHO, individually,

Plaintiffs,

v.

COUNTY of SAN LUIS OBISPO, a government entity; WELLPATH; a Delaware limited liability company; CALIFORNIA FORENSIC MEDICAL GROUP, a California corporation; JACOB BLACK, in his individual capacity; AMBER BORTELLO, in her individual capacity; FRANCINE TILLMAN, in her individual capacity; YLLIANA KELLER, in her individual capacity; and DOES 1-10,

Defendants.

Case No.: 2:26-cv-04235-SB-RAO

**CFMG DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Second Amended Complaint filed: June 17, 2026

Date: September 18, 2026
Time: 8:30 a.m.
Dept: Courtroom 6C
Judge: Hon. Stanley Blumenfeld, Jr

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Wellpath, LLC, California Forensic Medical Group ("CFMG"), Amber Bortello, Francine Tillman, and Ylliana Keller (collectively, the "CFMG staff"), submit this Motion to Dismiss Plaintiffs' Second Amended Complaint.



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**NOTICE IS HEREBY GIVEN** that on September 18, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6C of the Felicitas and Gonzalo Mendez United States Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012, the CFMG Defendants will bring for hearing their Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In support of this Motion, the CFMG Defendants rely upon and incorporate by reference this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action as set forth in the Court's electronic filing system (ECF), and any oral and documentary evidence as may be presented at the time of this hearing.

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs have failed to state a claim upon which relief can be granted as to the following causes of action: (1) deliberate indifference under 42 U.S.C. § 1983; (2) *Monell* liability under 42 U.S.C. § 1983; (3) failure to train under 42 U.S.C. § 1983; (4) ratification under 42 U.S.C. § 1983; (5) state-created danger under 42 U.S.C. § 1983; and (6) violation of the Bane Act, California Civil Code § 52.1

This Motion is made following the parties' conference of counsel pursuant to Local Rule 7-3 and Judge Blumenfeld's Standing Order. Counsel for the parties participated in a substantive meet-and-confer by videoconference on August 8, 2026, during which they discussed the issues raised in this Motion and attempted in good faith to resolve those issues without court intervention. Despite those efforts, the parties were unable to reach a resolution.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Dated: August 17, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kendra Stark*
Kendra Stark
Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND BACKGROUND .......... 9

II. STANDARD FOR MOTION TO DISMISS .......... 9

III. STATEMENT OF RELEVANT FACTS .......... 11

IV. LEGAL ARGUMENT .......... 13

A. Plaintiffs' deliberate indifference claim fails against Amber Bortello, Francine Tillman, and Ylliana Keller. .......... 13

i. The SAC Does Not Plausibly Allege an Untreated Serious Medical Need. .......... 13

ii. The SAC Fails to State a Deliberate Indifference Claim Because It Alleges Clinical Judgment Rather Than Objectively Unreasonable Conduct. .......... 14

B. Plaintiffs fail to state a claim upon which relief can be granted under *Monell*. .......... 18

i. Plaintiffs have failed to sufficiently allege CFMG or Wellpath maintained any unconstitutional policies for purposes of Monell. .......... 19

ii. The SAC fails to sufficiently allege any unconstitutional custom or practice by CFMG or Wellpath to state a *Monell* claim. .......... 19

iii. The SAC does not allege any *Monell* claim under a ratification theory .......... 21

C. Plaintiffs have failed to state a claim against CFMG and Wellpath for failure to train under 42 U.S.C. § 1983. .......... 21

D. Plaintiffs fail to state a claim against Tillman, Bortello, and Keller for state-created danger liability under 42 U.S.C § 1983. .......... 23

E. Plaintiffs fail to state a claim upon which relief can be granted under the Bane Act. .......... 25

V. CONCLUSION .......... 25

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Cnty. of Fresno*, No. 1:21-CV-01134-ADA-SAB, 2023 WL 2761168 (E.D. Cal. Apr. 3, 2023) .......... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 9, 10

*Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978 (E.D. Cal. 2017) .......... 10

*Bell v. Mahoney*, No. 2:18-cv-05280-PA-KES, 2020 WL 4334115 (C.D. Cal. May 18, 2020), *report and recommendation adopted*, 2020 WL 5258958 (C.D. Cal. June 29, 2020) .......... 15, 17

*Brown v. County of San Bernardino*, No. EDCV 20-1304 JGB (SHKx), 2021 WL 99722 (C.D. Cal. Jan. 8, 2021) .......... 20

*Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) .......... 15

*City of Canton v. Harris*, 489 U.S. 378 (1989) .......... 22

*Connick v. Thompson*, 563 U.S. 51 (2011) .......... 22, 23

*Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042 (E.D. Cal. 2021) .......... 10, 24

*Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) .......... 15

*Doty v. County of Lassen*, 37 F.3d 540 (9th Cir. 1994) .......... 14

*Dougherty v. City of Covina*,
654 F.3d 892 (9th Cir. 2011) .......... 18

*Egberto v. Nevada Dep't of Corr.*,
678 F. App'x 500 (9th Cir. 2017) .......... 14

*Ervin v. Jones*,
No. 2:19-CV-01883-KJM-CKD-PS, 2020 WL 4350137 (E.D. Cal. July 29, 2020) .......... 10

*Estate of Nunez by & through Nunez v. County of San Diego*,
381 F.Supp.3d 1251 (S.D. Cal. 2019) .......... 22

*Gordon v. County of Orange*,
888 F.3d 1118 (9th Cir. 2018) .......... 15, 17, 18

*Howe v. Yellowbook, USA*,
840 F. Supp. 2d 970 (2007) .......... 9

*Hyde v. City of Willcox*,
23 F.4th 863 (9th Cir. 2022) .......... 23

*Jett v. Penner*,
439 F.3d 1091 (9th Cir. 2006) .......... 13

*Kennedy v. City of Ridgefield*,
439 F.3d 1055 (9th Cir. 2006) .......... 24

*Khademi v. Nielsen*, No. 2:18-cv-2613-MCE-KJN,
2020 WL 589082 (E.D. Cal. Feb. 6, 2020), *report and recommendation adopted*, 2020 WL 1332837 (E.D. Cal. Mar. 23, 2020) .......... 16

*Luttrell v. Hart*,
No. 5:19-CV-07300-EJD, 2020 WL 5642613 (N.D. Cal. Sept. 22, 2020) .......... 26

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004) .......... 21

*Martinez v. City of Clovis*,
943 F.3d 1260 (9th Cir. 2019) .......... 24

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

*McDade v. West*,
223 F.3d 1135 (9th Cir. 2000) ........ 20

*Monell v. Dep't of Soc. Servs. of City of N.Y.*,
436 U.S. 658 (1978) ........ 18, 19

*Morgan Canfield, et al., v. California Forensic Medical Group, Inc., et al.*,
Case No. 2:25-cv-2605-JDP, 2026 WL 2138129 (E.D. Cal., July 24, 2026) ........ 20

*Patel v. Kent Sch. Dist.*,
648 F.3d 965 (9th Cir. 2011) ........ 24

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*,
130 F.3 432, 438 (9th Cir. 1997) ........ 19

*Price v. Sery*,
513 F.3d 962 (9th Cir. 2008) ........ 19

*Rivera v. Cnty. of Los Angeles*,
745 F.3d 384 (9th Cir. 2014) ........ 20

*Sacramento Homeless Union v. Cnty. Of Sacramento*,
617 F. Supp. 3d 1179 (E.D. Cal. 2022) ........ 24

*Scalia v. Cty. of Kern*,
308 F. Supp. 3d 1064 (E.D. Cal. 2018) ........ 26

*Shane v. Cnty. of San Diego*,
677 F. Supp. 3d 1127 (S.D. Cal. 2023) ........ 24

*Toguchi v. Chung*,
391 F.3d 1051 (9th Cir. 2004) ........ 10, 15

*Trujillo v. California Forensic Med. Grp.*,
No. EDCV202131JGBSHKX, 2021 WL 4803484 (C.D. Cal. July 8, 2021) ........ 10

*Walker v. Fred Meyer, Inc.*,
953 F.3d 1082 (9th Cir. 2020) ........ 9

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Constitutions**

U.S. Const. amend. XIV ..... 13, 15

**Statutes**

42 U.S.C. § 1983..... passim

Civ. Code § 52.1 ..... 26

**Rules**

Fed. R. Civ. P. 12(b)(6) ..... 9

Fed. R. Civ. P. 8(a)(2)..... 9

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

The CFMG Defendants move to dismiss Plaintiffs' claims of (1) deliberate indifference under 42 U.S.C. § 1983; (2) *Monell* liability under 42 U.S.C. § 1983; (3) failure to train under 42 U.S.C. § 1983; (4) ratification under 42 U.S.C. § 1983; (5) state-created danger under 42 U.S.C. § 1983; and (6) violation of the Bane Act, California Civil Code § 52.1 Plaintiffs have failed to plead any facts supporting their allegation that the CFMG Defendants were deliberately indifferent to Mr. Goss' mental health needs. Further, Plaintiffs fail to make any factual allegations which demonstrate any widespread policy, custom, or ratification that caused Mr. Goss's injury or that CFMG failed to train or supervise its employees. With respect to Plaintiffs' claim under the Bane Act, Plaintiffs have failed to satisfy the intent requirement by CFMG. For these reasons, the CFMG Defendants respectfully request the Court dismiss the above claims against them with prejudice.

## II. STANDARD FOR MOTION TO DISMISS

For a pleading to withstand a Rule 12(b)(6) motion to dismiss, it must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). A complaint must therefore "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (2007). Conclusory allegations, unwarranted inferences, or a mere recitation of the elements of a claim are insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, even factual allegations accepted as true must make a plausible showing that the plaintiff is entitled to relief in order to justify subjecting the opposing party to the expense of discovery and litigation. *Id.* If a plaintiff fails to meet these requirements,

the complaint must be dismissed. *Id.*

This Court has also made clear that "[a] plaintiff who sues multiple defendants must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8. That is, a pleading should 'allege what role each Defendant played in the alleged harm[.]'" *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021). "[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." *Id.* at 1074–75.

In the deliberate indifference context, California district courts have held that a complaint must contain specific factual allegations regarding the actions or inactions taken by each medical provider to support a claim against them. *Anderson v. Cnty. of Fresno*, No. 1:21-CV-01134-ADA-SAB, 2023 WL 2761168, at *31 (E.D. Cal. Apr. 3, 2023). A plaintiff must allege facts demonstrating that the medical provider made an intentional decision regarding the plaintiff's medical treatment. *Ervin v. Jones*, No. 2:19-CV-01883-KJM-CKD-PS, 2020 WL 4350137, at *3 (E.D. Cal. July 29, 2020). Boilerplate recitations of the elements of a § 1983 claim or conclusory statements that a provider failed to provide adequate medical care are insufficient to establish a viable claim. *Id.*; *see also Trujillo v. California Forensic Med. Grp.*, No. EDCV202131JGBSHKX, 2021 WL 4803484, at *3 (C.D. Cal. July 8, 2021).

Moreover, allegations showing that a medical provider was merely negligent in diagnosing or treating a medical condition are insufficient to support a claim of deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). It is well established that medical negligence does not rise to the level of a constitutional violation simply because the patient is incarcerated. *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 990 (E.D. Cal. 2017).

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

## III. STATEMENT OF RELEVANT FACTS

On December 11, 2025, at 2:00 a.m., Mr. Goss was arrested by a San Luis Obispo Sherrif's deputy for evading arrest, reckless driving, and other related charges. ECF. No. 25 ("SAC"), ¶ 45. Subsequently after Mr. Goss's arrest, DOES 1-3[1] failed to communicate Mr. Goss's recent statements of suicidal intent to custodial or medical staff at the San Luis Obispo County Jail. *Id.*, ¶ 47.

On December 11, 2025, between approximately 3:36 a.m. and 4:46 a.m., CFMG Nurse Neal Chittenden conducted Mr. Goss's intake screening at the San Luis Obispo County Jail. *Id.*, ¶ 48. During that screening, Nurse Chittenden, who is not named in this action, documented Mr. Goss's prior suicide attempts (occurring in 1997 and 2002), daily methamphetamine use, prior psychiatric hospitalization, and other mental health history. *Id.*, ¶¶ 47, 56. Nurse Chittenden further documented a positive mental health screening and designated the referral as "urgent (tomorrow)," ensuring that Mr. Goss would receive a prompt follow-up mental health evaluation. *Id.*, ¶¶ 48-50. Consistent with that recommendation, Mr. Goss underwent an additional Mental Health Initial Evaluation the following day. *Id.*, ¶ 52.

Later that morning, at approximately 9:05 a.m. and before the subsequent Mental Health Initial Evaluation, Defendant CFMG mental health professional Francine Tillman met with Mr. Goss for a cell-side mental health check after classification reported that he had exhibited "odd behavior" and disclosed a history of self-harm. *Id.*, ¶ 51. During that encounter, Mr. Goss reported prior suicide attempts over twenty years earlier, in 2000 and 2002, but denied any current suicidal or homicidal ideation. *Id.* Ms. Tillman discussed coping mechanisms with Mr. Goss and reviewed grounding techniques to use if he became overwhelmed by concerns relating to his legal situation. *Id.* Ms. Tillman concluded that any follow-up treatment

[1] DOE 1 is alleged to be a police officer, DOE 2 is alleged to be a San Luis Obispo County Sheriff's deputy, and DOE 3 is alleged to be a San Luis Obispo County 911 dispatcher.

would be provided on a PRN basis or through sick call and reported the information to classification. *Id.*

On December 12, 2025, at 10:04 a.m., Mr. Goss was evaluated by Defendant CFMG Qualified Mental Health Professional Amber Bortello, who performed an initial mental health evaluation as requested by Nurse Chittenden. *Id.*, ¶ 52. During the evaluation, Ms. Bortello identified potential suicide risk factors, assessed his mood, reviewed his history of depression and medication treatment, documented his complaints of anxiety and request to meet with a provider, and identified protective factors. *Id.*, ¶¶ 52-62. She also noted his prior suicide attempts, which took place in 1997 and 2002[2], and his subsequent hospitalization for treatment. *Id.*, ¶ 56. Ms. Bortello concluded, based on her assessment, that Mr. Goss's current suicide risk was low. Nonetheless, she requested a consultation with a Psychiatric-Mental Health Nurse Practitioner to determine whether Mr. Goss qualified for a Specialized Nursing Intensive Assessment ("SNIA"). *Id.*, ¶ 60.

A few hours later, at approximately 1:11 p.m., Mr. Goss was evaluated by Defendant CFMG mental health professional Ylliana Keller after he requested to speak with a therapist regarding concerns about his court proceedings. *Id.*, ¶ 63. During the encounter, Mr. Goss stated that he had "a lot of things going on," but was otherwise responsive. *Id.* Mr. Goss spoke in a monotone manner, avoided eye contact, and shifted his weight frequently; however, he again denied suicidal ideation. *Id.* Ms. Keller advised Mr. Goss how to contact mental health staff in an emergency, instructed him to notify correctional officers or activate the emergency intercom if needed, and scheduled a follow-up appointment for the following week. *Id.*

Plaintiffs allege that, between December 11 and December 13, 2025, Jaylen Martin, a fellow inmate housed with Mr. Goss, raised concerns to deputies that Mr. Goss was suicidal. *Id.*, ¶ 64. Plaintiffs did not allege that these concerns were

[2] Plaintiffs' SAC has conflicting dates of the previous suicide attempts. *See* SAC, ¶¶ 51,56.



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

communicated to any CFMG staff. Plaintiffs also allege Mr. Goss had walked from his cell to the second-floor tier at times during his incarceration and hesitated at the edge; however, they did not allege that any of the CFMG staff knew or should have known of these episodes. *Id.*, ¶ 65.

On December 13, 2025, at approximately 3:35 p.m., Mr. Goss attempted suicide by jumping from the second-story housing tier. *Id.,* ¶ 66. Mr. Goss survived but suffered significant physical injuries. *Id.,* ¶¶ 68-72.

These are the only facts pled against the CFMG Defendants. Plaintiffs do not allege anywhere in the SAC that Mr. Goss communicated to CFMG staff that he wanted to harm himself, was having suicidal thoughts, or was acutely suicidal prior to his December 13, 2025 suicide attempt.

## IV. LEGAL ARGUMENT

### A. Plaintiffs' deliberate indifference claim fails against Amber Bortello, Francine Tillman, and Ylliana Keller.

#### i. The SAC Does Not Plausibly Allege an Untreated Serious Medical Need.

Because Mr. Goss was a pretrial detainee, his deliberate indifference claim arises under the Fourteenth Amendment. To maintain a claim under 42 U.S.C. § 1983 based on an inmate's medical treatment, a plaintiff must show that defendants exhibited "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A deliberate indifference claim contains two elements. First, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 502-03 (9th Cir. 2017). Second, a plaintiff must also show that the defendant was deliberately indifferent to that serious medical need. *Id.*

As a threshold matter, Plaintiffs fail to plausibly allege that Amber Bortello,





GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Francine Tillman, and Ylliana Keller ("the CFMG staff") were aware of an untreated serious medical need requiring additional intervention. The SAC alleges Mr. Goss reported concerns relating to his incarceration and pending legal circumstances, but did not inform any of these staff of any active suicidal thoughts, intents, or plans during his numerous encounters with mental health staff. SAC, ¶¶ 51, 63, 73. The SAC also did not allege that the CFMG staff were provided any information such as reports from other inmates, text messages shared with arresting officers, or other information concerning Mr. Goss's alleged suicidal state. *Id.*, ¶¶ 51, 63, 72-73. The SAC only establishes that the CFMG staff were aware of Mr. Goss' prior suicide attempts over two decades ago and his concerns regarding court. *Id.*, ¶¶ 51, 56, 63. Because stress and anxiety associated with incarceration do not, standing alone, constitute a serious medical need, *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994), Plaintiffs fail to plausibly allege that the CFMG staff were aware of anything more than Mr. Goss' stress, anxiety, and uncertainty associated with incarceration, or that they deliberately disregarded a known current serious medical need of Mr. Goss.

**ii. The SAC Fails to State a Deliberate Indifference Claim Because It Alleges Clinical Judgment Rather Than Objectively Unreasonable Conduct.**

The SAC's allegations admit that Mr. Goss received repeated and continuing mental health evaluations between his intake and his subsequent accident. SAC, ¶¶ 48-63. According to Plaintiffs, Mr. Goss underwent an intake screening, was evaluated by Ms. Tillman, received a Mental Health Initial Evaluation from Ms. Bortello, was referred for additional assessment, and was evaluated by Ms. Keller, all within 48 hours and less than 12 hours apart from each evaluation. *Id.* These allegations reflect ongoing assessment and treatment, not deliberate indifference.

In the Ninth Circuit, viable claims for deliberate indifference brought by pretrial detainees under the Fourteenth Amendment are evaluated under an objective

standard. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). "[T]he defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn on the facts and circumstances of each particular case.'" *Id.* at 1071. The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Moreover, a mere difference of opinion regarding the manner or quality of medical treatment is insufficient to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Likewise, "the mere lack of due care" does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *see also Bell v. Mahoney*, No. 2:18-cv-05280-PA-KES, 2020 WL 4334115, at *4-5 (C.D. Cal. May 18, 2020), *report and recommendation adopted*, 2020 WL 5258958 (C.D. Cal. June 29, 2020) (explaining that a difference of medical opinion concerning the appropriate course of treatment does not constitute deliberate indifference).

Here, the SAC does not allege that any CFMG staff ignored Mr. Goss, refused to evaluate him, denied his requests for mental health treatment, or declined to assess his condition. On the contrary, Plaintiffs allege that Mr. Goss underwent an intake screening, received a mental health evaluation from Ms. Tillman, underwent a Mental Health Initial Evaluation with Ms. Bortello, was referred for additional assessment, and was evaluated by Ms. Keller after requesting to speak with a therapist, all within his two-day incarceration. SAC, ¶¶ 48-63.

The allegations here are analogous to those dismissed in *Khademi v. Nielsen*, No. 2:18-cv-2613-MCE-KJN, 2020 WL 589082 (E.D. Cal. Feb. 6, 2020), *report and recommendation adopted*, 2020 WL 1332837 (E.D. Cal. Mar. 23, 2020). There, the plaintiff alleged that medical providers were "not paying attention" to her serious medical needs and failed to arrange an emergency transfer to an outside hospital. *Id.*

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

at *6. The court held that those allegations did not rise to the level of a constitutional violation because the plaintiff was provided medical care throughout the relevant period. *Id.* The court further concluded that allegations concerning a failure to transfer the plaintiff to an outside hospital amounted to, at most, a disagreement regarding the appropriate course of treatment, not deliberate indifference. *Id.*

*Khademi* is instructive here. Like the plaintiff in *Khademi*, Plaintiffs allege that the CFMG staff made "intentional decisions" about Mr. Goss' risk factors and protective factors, failed to make appropriate housing recommendations, inadequately assessed his alleged withdrawal symptoms, and failed to pursue additional referrals. SAC, ¶¶ 73-81. These allegations amount to a challenge to the CFMG staff's clinical judgment and assessment of Mr. Goss's condition, not a plausible claim that they consciously disregarded a known and substantial risk of serious harm or acted with reckless disregard. SAC, ¶¶ 51, 63.

Specifically, with respect to Francine Tillman, the SAC alleges she met with Mr. Goss after classification reported that he had exhibited odd behavior and disclosed a history of self-harm, the most recent of which allegedly occurred more than twenty years earlier. SAC, ¶ 51. Despite Mr. Goss's denial of current suicidal ideation, Ms. Tillman assessed his condition, reviewed coping and grounding strategies, identified sources of support, instructed him on breathing exercises, reported her assessment to classification, and recommended treatment on a PRN basis or sick call. SAC, ¶ 51. Plaintiffs nevertheless allege that Ms. Tillman failed to conduct an adequate assessment, ignored indicators of suicide risk, and failed to provide appropriate referrals or follow-up care. SAC, ¶¶ 73-81. The SAC's own allegations, however, establish that Ms. Tillman provided care, assessments, and treatment recommendations. These allegations demonstrate responsiveness and the exercise of professional judgment, not deliberate indifference. At most, Plaintiffs allege that Ms. Tillman should have recommended different treatment. Such





GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

allegations reflect a disagreement with clinical judgment, not deliberate indifference. *See Bell*, 2020 WL 4334115, at *4-5; *Gordon*, 888 F.3d at 1125.

Further, Plaintiffs' allegations that Ms. Bortello made "intentional decisions" to give insufficient weight to Mr. Goss's purported suicide risk factors and failed to make recommendations regarding his housing are not supported by factual allegations. SAC, ¶¶ 75-77. The SAC establishes that Ms. Bortello reviewed Mr. Goss's mental health history, documented his complaints, assessed suicide risk and protective factors, and specifically noted that Mr. Goss had future goals, responsibility to family, and social support. SAC, ¶¶ 52-60. Plaintiffs' disagreement with how Ms. Bortello weighed those factors admits that she did conduct an evaluation of the factors, which defeats allegations of deliberate indifference. Moreover, Ms. Bortello requested consultation with a Psychiatric Mental Health Nurse Practitioner, demonstrating awareness, not disregard, of a known risk. SAC, ¶ 60. Plaintiffs' disagreement with Ms. Bortello's assessment of risk and protective factors does not establish deliberate indifference. *See Gordon*, 888 F.3d at 1125.

With respect to Ms. Keller, Plaintiffs allege she was deliberately indifferent because she did not recommend different housing or enhanced monitoring for Mr. Goss. SAC, ¶ 78. This allegation is not supported by any facts. The SAC's own allegations establish that Ms. Keller responded to Mr. Goss' request for mental health services, discussed his concerns, provided instructions regarding emergency mental health resources, and scheduled follow-up care, even after Mr. Goss denied current suicidal ideation. *Id.*, ¶ 63. These allegations demonstrate responsiveness and the exercise of professional judgment. Plaintiffs' claim shows, at best, a challenge to Ms. Keller's clinical judgment and decision-making, not deliberate indifference. *See Gordon*, 888 F.3d at 1125.

Plaintiffs' own allegations demonstrate that the CFMG staff repeatedly evaluated Mr. Goss, exercised professional judgment regarding his care, and

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

provided follow-up treatment and resources during the brief period preceding his suicide attempt. At most, Plaintiffs allege that different clinical decisions should have been made, not that these clinicians recklessly disregarded his needs. This simply does not establish deliberate indifference. *See Gordon*, 888 F.3d at 1125. For these reasons, Plaintiffs have failed to allege sufficient facts to state a plausible deliberate indifference claim against any of the CFMG staff, and it should be dismissed with prejudice and without leave to amend.

### B. Plaintiffs fail to state a claim upon which relief can be granted under *Monell*.

A municipality cannot be held liable under section 1983 for the acts of its employees on a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue. *See id.* at 694. Relevant here, "to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3 432, 438 (9th Cir. 1997)).

Where no formal policy exists, a plaintiff must demonstrate a longstanding practice or custom which constitutes the standard operating procedure of the entity; the act of an official whose acts fairly represent such official policy that the challenged action constitutes official policy; or an act of an official with final policy-making authority that ratified the decision of a subordinate. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (internal quotations omitted). Here, Plaintiffs have failed to allege facts to show that any policy, custom, practice, or ratification by CFMG was

a proximate cause of Mr. Goss' injuries.

**i. Plaintiffs have failed to sufficiently allege CFMG or Wellpath maintained any unconstitutional policies for purposes of Monell.**

Although the SAC broadly alleges inadequate policies of classification, housing, monitoring, and assessing inmates with known risks for suicide, these allegations are made against the County, not CFMG or Wellpath. SAC, ¶¶ 69-77. The SAC does not allege any specific formal policies of CFMG or Wellpath that caused CFMG's staff to violate Mr. Goss' constitutional rights (and, as discussed above in great detail, the SAC does not even sufficiently allege that Mr. Goss' constitutional rights were violated by any CFMG staff). As such, the SAC fails to plead a viable *Monell* claim based on unconstitutional policy.

**ii. The SAC fails to sufficiently allege any unconstitutional custom or practice by CFMG or Wellpath to state a *Monell* claim.**

To proceed under the longstanding practice or custom theory of a Monell claim, a complaint must allege the custom or practice was so 'persistent and widespread' that it constitutes a 'permanent and well settled' policy. *Trevino*, 99 F.3d at 918 (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*; *see also Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014); *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000).

Other federal courts have found that, when a complaint states incidents that are not factually analogous or similar to the facts at issue, it does not sufficiently state a *Monell* claim. For example, in *Morgan Canfield, et al., v. California Forensic Medical Group, Inc., et al.*, Case No. 2:25-cv-2605-JDP, 2026 WL 2138129 (E.D. Cal., July 24, 2026), the plaintiffs alleged that their decedent's constitutional rights





GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

were violated when he was denied an extra blanket and therefore stopped taking his seizure medications, causing him to die as a result of a seizure. The Court granted the County's motion to dismiss the plaintiff's *Monell* claim for unconstitutional custom or practice, finding that none of the other incidents alleged by the plaintiffs involved an incarcerated person being denied an extra blanket or making a decision to refuse medication; the incidents alleged involved completely unrelated medical issues. *Canfield*, at *1; *see also Brown v. County of San Bernardino*, No. EDCV 20-1304 JGB (SHKx), 2021 WL 99722, at *4 (C.D. Cal. Jan. 8, 2021) (rejecting *Monell* allegations based on conclusory references to prior cases that failed to provide factual detail regarding what occurred, who was involved, when the incidents occurred, or how the cited incidents were factually similar).

Here, *Canfield* and *Brown* are instructive. The SAC attempts to identify prior instances of other inmates' constitutional rights being violated as a result of a custom or practice, but the allegations are not factually sufficient to support a *Monell* claim against CFMG or Wellpath. As an initial matter, none of the relevant allegations about other instances were directed at CFMG; they were all lodged against Wellpath LLC[3]. *See* SAC., ¶¶ 86-101.

Further, with only two exceptions, none of the incidents described by Plaintiffs in these paragraphs involve the same or similar circumstances as Mr. Goss. Plaintiffs alleged prior incidents of inmates suffering from dizziness and headaches (¶ 87), death as a result of a heart attack (¶ 88), death as a result of drug withdrawal (¶¶ 89, 90, 92), death as a result of a perforated ulcer (¶ 94), untreated epilepsy (¶ 97), and death resulting from an alcohol-withdrawal related syncope (¶ 100). These incidents are completely irrelevant to the allegations made against CFMG or Wellpath in this action arising from Mr. Goss' attempted suicide and should be disregarded by the

[3] Wellpath and CFMG are separate entities. CFMG contracts with the County to provide medical and mental health services at the San Luis Obispo Jail, not Wellpath.

Court. Only two paragraphs are related to the factual circumstances in the instant action (¶¶ 98-99), and these two isolated incidents, which took place in different facilities, are not adequate to show a longstanding, widespread, pervasive custom or practice at the San Luis Obispo Jail.

Finally, Plaintiffs have failed to make any allegation that any custom or practice of Wellpath or CFMG was a moving force behind Mr. Goss' attempted suicide on December 13, 2025. Their failure to plead any facts to support this required element of a *Monell* claim warrants this claim's dismissal with prejudice.

**iii. The SAC does not allege any *Monell* claim under a ratification theory.**

Finally, a plaintiff can plead a *Monell* claim against a municipality or its contractor under a ratification theory by showing that the 'authorized policymakers' approve a subordinate's decision and the basis for it ... The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Here, Plaintiffs have made no such allegations. They have not identified any authorized policymaker for CFMG or Wellpath. They have not alleged that any policymaker had actual knowledge of any constitutional violation. Finally, they have not alleged that the policymaker approved of such a violation. As such, Plaintiffs have failed to plead a *Monell* claim under ratification or any other theory, and the *Monell* claims against CFMG and Wellpath must be dismissed in its entirety with prejudice.

**C. <u>Plaintiffs have failed to state a claim against CFMG and Wellpath for failure to train under 42 U.S.C. § 1983.</u>**

To state a claim under *Monell* liability for a failure to train, Plaintiffs must allege that: (1) CFMG and Wellpath's training or supervision was inadequate to prevent constitutional violations or inadequate to prepare employees for the usual and recurring situations they encounter; (2) CFMG and Wellpath were deliberately

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

indifferent to the known or obvious consequences of that inadequacy; and (3) the alleged failure to train or supervise was the "moving force" behind the deprivation of Mr. Goss' constitutional rights. *See Estate of Nunez by & through Nunez v. County of San Diego*, 381 F.Supp.3d 1251, 1257 (S.D. Cal. 2019); *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). To show deliberate indifference, a plaintiff must show that the entity "disregarded a known or obvious consequence" that deficiencies in training or supervision would cause employees to violate constitutional rights. *Estate of Nunez*, 381 F.Supp.3d at 1258 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). Ordinarily, this requires proof of a pattern of similar constitutional violations by untrained employees sufficient to place policymakers on notice that additional training or supervision is necessary. *Id*. As the Supreme Court explained in *Connick*, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference." *Connick*, 563 U.S. at 62.

Here, despite directing their failure to train claim at CFMG and Wellpath, the SAC does not make any allegations against CFMG or Wellpath about failing to train their staff on any issue related to the alleged constitutional violation of Mr. Goss. All allegations of failing to adequately train and supervise staff are directed at the County, not CFMG or Wellpath. *See* SAC, ¶¶ 102-112. Even assuming *arguendo* that these allegations were also directed at CFMG and Wellpath, they still do not state a viable failure to train claim. Plaintiffs allege no facts concerning CFMG's or Wellpath's actual mental health training program, how that training was deficient with respect to any of the named individual CFMG defendants, or how any such alleged deficiencies in training those employees caused Mr. Goss to attempt suicide on December 13, 2025. *Id*., ¶¶ 102-112.

Further, while deliberate indifference may be inferred from a single incident when "the unconstitutional consequences of failing to train" are "patently obvious," an inadequate training policy itself cannot be inferred from a single incident. *Hyde v.*

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

*City of Willcox*, 23 F.4th 863, 874-75 (9th Cir. 2022) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011), and rejecting a failure to train claim where plaintiffs relied on the underlying incident itself to infer both a defective training program and deliberate indifference). Even assuming one of the alleged prior incidents bears some factual similarity to this case, a single incident occurring at a different facility and involving different personnel is insufficient to establish a pattern of similar constitutional violations for a failure to train claim. *Connick*, 563 U.S. at 62-63.

Plaintiffs' allegations regarding specific training at the San Luis Obispo Jail fare no better. Plaintiffs attempt to identify various areas in which additional training should have been provided, including suicide risk assessment, monitoring, housing decisions, and communication of risk information. SAC, ¶¶ 103-112. However, Plaintiffs allege no facts whatsoever concerning CFMG's or Wellpath's actual training program, how that training was deficient, or how any alleged deficiency caused Plaintiff's injuries. *Id.* Instead, Plaintiffs rely on conclusory assertions that additional training was needed and infer a deficient training program from the underlying incident itself. Such allegations are insufficient to state a plausible failure to train claim. *See Hyde v. City of Willcox*, 23 F.4th 863, 874-75 (9th Cir. 2022).

For the foregoing reasons, Plaintiffs' *Monell* failure to train claim should be dismissed with prejudice and without leave to amend.

### D. Plaintiffs fail to state a claim against Tillman, Bortello, and Keller for state-created danger liability under 42 U.S.C § 1983.

Under the state-created danger doctrine, the Ninth Circuit "has held state officials liable . . . for their roles in creating or exposing individuals to danger they otherwise would not have faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006) (emphasis added) (citation omitted). Critically, liability requires "affirmative conduct on the part of the state in placing the plaintiff in danger[.]" *Sacramento Homeless Union v. Cnty. Of Sacramento*, 617 F. Supp. 3d 1179, 1189





GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

(E.D. Cal. 2022) (emphasis added) (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011)).

To properly assert a claim under the state-created danger doctrine, a plaintiff must show that (1) "affirmative actions created or exposed her to an actual, particularized danger that she would not otherwise have faced;" (2) "the injury she suffered was foreseeable;" and (3) "the officers were deliberately indifferent to the known danger." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) (citation omitted). Of relevance, "dereliction of [] duties" does not amount to "an affirmative act [that] create[d] an actual, particularized danger." *Id.* at 1272. Further, "Ninth Circuit case law [] does not clearly establish that the state created danger doctrine encompasses passively failing to provide the correct level of medical care and monitoring . . . . ." *Shane v. Cnty. of San Diego*, 677 F. Supp. 3d 1127, 1139 (S.D. Cal. 2023).

Here, Plaintiffs improperly lump the CFMG staff together with the County Defendants and fail to allege any affirmative act by any individual CFMG defendant that created or increased danger to Mr. Goss. *See Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021). Instead, Plaintiffs attempt to transform treatment decisions, housing recommendations, and alleged failures to intervene into affirmative acts merely by labeling them as such. SAC, ¶¶ 73-81.

Moreover, the SAC does not plausibly allege that Mr. Goss's injuries were foreseeable to the CFMG staff. Although the SAC alleges that Mr. Goss had a history of prior suicide attempts, it also admits he repeatedly denied suicidal ideation during his subject incarceration. *Id.* ¶¶ 51, 63, 72-73. The mere documentation of a prior history of self-harm, over twenty years prior, did not place the CFMG staff on notice that Mr. Goss posed an acute or imminent risk of suicide.

Finally, Plaintiffs fail to plausibly allege deliberate indifference. As discussed above, the SAC's allegations demonstrate that the CFMG staff repeatedly evaluated

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Mr. Goss and exercised professional judgment in assessing his condition and determining the appropriate course of treatment. *Id.* ¶¶ 48-63.

Because the SAC identifies only alleged omissions and purportedly inadequate treatment decisions, it fails to satisfy the affirmative act requirement of the state-created danger doctrine and, at most, reflects Plaintiffs' disagreement with the course of assessment and treatment provided in response to Mr. Goss's reported symptoms and denials of suicidal ideation. Accordingly, Plaintiffs fail to state a plausible state-created danger claim. For the foregoing reasons, the claim should be dismissed with prejudice and without leave to amend.

### E. Plaintiffs fail to state a claim upon which relief can be granted under the Bane Act.

Plaintiffs' Bane Act claim fails because it is expressly predicated on the same deliberate indifference allegations asserted elsewhere in the SAC. *See supra*; SAC, ¶ 147 (alleging that "reckless disregard" and deliberate indifference satisfy the Bane Act's intent requirement). Because Plaintiffs have failed to plausibly allege deliberate indifference by any CFMG staff, they likewise fail to allege the specific intent required to state a claim under California Civil Code § 52.1. *See Luttrell v. Hart*, No. 5:19-CV-07300-EJD, 2020 WL 5642613, at *5 (N.D. Cal. Sept. 22, 2020); *Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1084 (E.D. Cal. 2018) (finding the coercive act element of a Bane Act claim is satisfied by evidence of deliberate indifference to serious medical needs). Accordingly, Plaintiffs fail to state a plausible claim under the Bane Act.

For the foregoing reasons, Plaintiffs' Bane Act claim should be dismissed with prejudice and without leave to amend.

## V. CONCLUSION

For the reasons discussed herein, Plaintiffs' Second Amended Complaint fails to state any viable claim against CFMG, Wellpath, Ms. Tillman, Ms. Bortello, or Ms.

Keller for deliberate indifference, *Monell* liability, failure to train, state-created danger, or violation of the Bane Ac. The SAC's own allegations establish that Mr. Goss received repeated mental health evaluations, ongoing assessment, and follow-up care during his brief incarceration. The SAC does not plausibly allege that any of the CFMG staff were aware of, or disregarded, an acute suicide risk. At most, Plaintiffs challenge the clinical judgment exercised by mental health professionals, which is insufficient to state a constitutional claim. Plaintiffs likewise fail to allege facts supporting municipal liability under *Monell*, a failure-to-train claim, state-created danger liability, or liability under the Bane Act. Because Plaintiffs have already amended their pleading and the deficiencies identified herein cannot be cured by further amendment, Defendants CFMG, Wellpath, Amber Bortello, Francine Tillman, and Ylliana Keller respectfully request that the Court dismiss these claims against them with prejudice and without leave to amend.

Dated: August 17, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kendra Stark*
Kendra Stark
Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**THE UNDERSIGNED, COUNSEL OF RECORD FOR THE CFMG DEFENDANTS CERTIFIES THAT THIS BRIEF CONTAINS 6866 WORDS, WHICH COMPLIES WITH THE WORD LIMIT OF L.R. 11-6.1.**

Dated: August 17, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kendra Stark*
Kendra Stark
Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

## PROOF OF SERVICE

I am a resident of the State of Idaho, over the age of eighteen years, and not a party to the within action. My business addresses is: 315 Pacific Avenue, San Francisco, CA 94111. On August 17, 2026, I served the within document(s):

☒ **BY ELECTRONIC SERVICE** through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

| | |
|---|---|
| Cameron Sehat, Esq.<br>Jeffrey Mikel, Esq.<br>THE SEHAT LAW FIRM, PLC<br>5100 Campus Drive, Suite 200<br>Newport Beach, CA 92612<br>Telephone: (949) 815-5200<br>Facsimile (949) 313-5001<br>cameron@sehatlaw.com<br>j.mikel@sehatlaw.com<br><br>***Attorneys for Plaintiffs*** | Eugene P Ramirez<br>Manning and Kass Ellrod Ramirez Trester LLP<br>801 South Figueroa Street 15th Floor<br>Los Angeles, CA 90017-3012<br>213-624-6900<br>Fax: 213-624-6999<br>Email:<br>Eugene.Ramirez@manningkass.com<br><br>***Attorney for Defendant County of San Luis Obispo*** |
| Joshua M. George<br>Betsy Bras-Gonzalez<br>Adamski Moroski Madden Cumberland & Green LLP<br>6633 Bay Laurel Place<br>Avila Beach, CA 93424<br>Mailing Address<br>P.O. Box 3835<br>San Luis Obispo, CA 93403-3835<br>Phone: (805) 543-0990<br>Fax: (805) 543-0980<br>Email: george@ammcglaw.com<br>bbrasgonzalez@ammcglaw.com<br><br>***Attorneys for Defendant Jacob Black*** | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 17, 2026.

*/s/ Suneel J. Nelson*
An Employee of Gordon Rees Scully Mansukhani LLP

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111