KENDRA N. STARK (SBN: 363663)
kstark@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054

Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUSTIN J. GOSS, individually; and CRYSTAL BRANQUINHO, individually,

Plaintiffs,

v.

COUNTY of SAN LUIS OBISPO, a government entity; WELLPATH; a Delaware limited liability company; CALIFORNIA FORENSIC MEDICAL GROUP, a California corporation; JACOB BLACK, in his individual capacity; AMBER BORTELLO, in her individual capacity; FRANCINE TILLMAN, in her individual capacity; YLLIANA KELLER, in her individual capacity; and DOES 1-10,

Defendants.

Case No.: 2:26-cv-04235-SB-RAO

**CFMG DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO THEIR PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Second Amended Complaint filed: June 17, 2026

Date: September 18, 2026
Time: 8:30 a.m.
Dept: Courtroom 6C
Judge: Hon. Stanley Blumenfeld, Jr

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Wellpath, LLC, California Forensic Medical Group ("CFMG"), Amber Bortello, Francine Tillman, and Ylliana Keller (collectively, the "CFMG Staff"), hereby submit the following reply to Plaintiffs' Opposition (Dkt. 54) to the CFMG Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC").



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 5

II. ARGUMENT ........ 5

A. Plaintiffs' Opposition fails to acknowledge that the facts as alleged fail to sufficiently allege a deliberate indifference claim under 42 U.S.C. § 1983 against Amber Bortello, Francine Tillman and Ylliana Keller. ........ 5

B. Plaintiffs failed to adequately plead a claim for *Monell* liability for unconstitutional policies, customs, and practices. ........ 7

C. Plaintiffs failed to adequately plead a *Monell* claim under a ratification theory. ........ 9

D. Plaintiffs failed to adequately plead a failure to train claim under *Monell*. ........ 10

E. Plaintiffs failed to sufficiently allege a state created danger claim against Amber Bortello, Francie Tillman and Ylliana Keller. ........ 11

F. Plaintiffs failed to sufficiently allege a Bane Act claim against the CFMG Defendants. ........ 12

III. CONCLUSION ........ 13

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Bell v. Mahoney*, No. 2:18-CV-05280-PA-KES, 2020 WL 4334115 (C.D. Cal. May 18, 2020), *report and recommendation adopted*, No. 2:18-CV-05280-PA-KES, 2020 WL 5258958 (C.D. Cal. June 29, 2020) ...................... 6, 7

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134 (9th Cir. 2021) ...................... 11

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) ...................... 11

*CHRISTINA PSALMS, et al., v. CITY AND COUNTY OF SAN FRANCISCO, et al.*, 2026 WL 2446789 (N.D.Cal., 2026) ...................... 12

*Gonzalez v. Cnty. of Merced*, 289 F.Supp.3d 1094 (E.D. Cal. Dec. 7, 2017) ...................... 8

*Gordon v. Cnty. Of Orange*, 888 F.3d 1118 (9th Cir. 2018) ...................... 5, 6

*Herd v. Cty. of San Bernardino*, 311 F.Supp.3d 1157 (C.D. Cal. Apr. 27, 2018) ...................... 8

*Lopez v. Cnty. Of Tulare*, No. CV-F-11-1547-LJO-BAM, 2012 WL 33244 (E.D. Cal. Jan. 6, 2012) ...................... 13

*Lytle v. Carl*, 382 F.3d 987 (9th Cir. 2004) ...................... 9, 10

*Maldonado v. County of Orange*, No. 8:19-cv-00883, 2019 WL 6139937 (C.D. Cal. Aug. 29, 2019) ...................... 8

*Monell*, 436 U.S. ...................... 7


GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

*Moore v. City of Orange*,
2017 WL 10518114 (C.D. Cal. Sept. 25, 2017) .......... 8

*Murchison v. City of Newport Beach, California*,
2025 WL 1723167 (C.D.Cal., 2025) .......... 9

*Perryman v. City of Pittsburg*,
545 F.Supp.3d 796 (N.D. Cal. Feb. 10, 2021) .......... 9, 10

*Reese v. Cnty. Of Sacramento*,
888 F.3d 1030 (9th Cir. 2018) .......... 12

*Sachez v. Cnty. Of Los Angeles*,
No. CV201146DSFPVCX, 2020 WL 9074714 (C.D. Cal. Apr. 28, 2020) .......... 13

*Schneider v. California Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) .......... 7, 10

*Toguchi v. Chung*,
391 F.3d 1051 (2004) .......... 7

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996) .......... 7

*Tsao v. Desert Palace, Inc.*,
698 F.3d 1128 (9th Cir. 2012) .......... 8

**Other Authorities**

42 U.S.C. § 1983 .......... 5

## I. INTRODUCTION

Plaintiffs' Opposition fails to acknowledge the deficiencies in the SAC. As outlined in the CFMG Defendants' Motion to Dismiss and this Reply, the allegations fail to plausibly plead any facts which would demonstrate that the CFMG Defendants violated Mr. Goss's constitutional rights. Plaintiffs attempt to recharacterize the deficiencies through unsupported legal conclusions and arguments. For the reasons discussed below, the CFMG Defendants respectfully request that this Court dismiss the claims below against them with prejudice and without leave to amend.

## II. ARGUMENT

### A. Plaintiffs' Opposition fails to acknowledge that the facts as alleged fail to sufficiently allege a deliberate indifference claim under 42 U.S.C. § 1983 against Amber Bortello, Francine Tillman and Ylliana Keller.

In their Opposition, Plaintiffs misunderstand the CFMG Staff's argument with respect to deliberate indifference. The CFMG Staff argue the facts as alleged demonstrate that they provided Mr. Goss with consistent mental health care during his time in the jail. The facts as alleged do not demonstrate that the CFMG Staff knew Mr. Goss was acutely suicidal. In fact, the allegations in the SAC clearly demonstrate that any statement that Mr. Goss was suicidal was not made to or provided to the CFMG Staff. *See* Dkt. 25, ¶¶ 47, 51, 63, 64. Plaintiffs argue that the CFMG Staff identified "objective factors" that Mr. Goss was acutely suicidal, namely because he had two prior suicide attempts over 20 years earlier, was in jail, spoke in a monotoned manner, avoided eye contact, and shifted weight. *See* Dkt. 54, p. 10; Dkt. 25, ¶¶ 51, 63, 75. Plaintiffs' argument is wholly unsupported by the case law.

Plaintiffs first rely on *Gordon v. Cnty. Of Orange*, 888 F. 3d 1118, 1125 (9th Cir. 2018) in support of their argument that they plausibly pled a deliberate indifference claim. *Gordon* does not support their argument. In *Gordon*, the Ninth Circuit rejected the district court's use of the subjective standard. 888 F.3d at *1125.





GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

The Ninth Circuit did not evaluate the merits of whether the plaintiffs satisfied the elements of a deliberate indifference claim. *Id*. Plaintiffs cite to no additional case law to support their position that they plausibly pled a deliberate indifference claim against the CFMG Staff. Therefore, Plaintiffs have failed to cite to any applicable case that supports their arguments on deliberate indifference.

Next, Plaintiffs' attempt to distinguish *Bell v. Mahoney* from this case is misleading. No. 2:18-CV-05280-PA-KES, 2020 WL 4334115 (C.D. Cal. May 18, 2020), *report and recommendation adopted*, No. 2:18-CV-05280-PA-KES, 2020 WL 5258958 (C.D. Cal. June 29, 2020). In that case, the jail doctors disagreed with the hospital's SJS diagnosis. The Court found that such a disagreement did not qualify as deliberate indifference. *Id* at *5. Plaintiffs argue that because "there was no comparable diagnostic [u]ncertainty about whether Plaintiff presented as a suicide risk," the case does not support the CFMG Staff's motion to dismiss this claim. *See* Dkt. 54, p. 8.

However, the facts alleged in the present matter, like in *Bell*, do in fact demonstrate mere diagnostic disagreement. Plaintiffs allege that the CFMG Staff assessed Mr. Goss's mental health condition on multiple occasions. *See* Dkt. 25, ¶¶ 49, 51, 52, 63. Plaintiffs do not allege or argue that those assessments were deficient. *See Generally* Dkts. 25, 54. The Central District in *Bell* made it clear that to state a claim for deliberate indifference the "defendant's conduct must be objectively unreasonable…the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." 2020 WL 4334115, at *4. In the present matter, Mr. Goss consistently denied suicidal ideations to the CFMG Staff. *See* Dkt. 25, ¶¶ 8, 51, 63. The CFMG Staff, like the medical staff in *Bell*, made clinical judgments as to Mr. Goss's care based on his presentation, history, and assessments. Like the plaintiff in *Bell*, Plaintiffs simply disagree with those clinical

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

judgments. As the Central District determined in *Bell*, such disagreements are insufficient to state a claim for deliberate indifference. 2020 WL 4334115, at *5.[1]

Therefore, the CFMG Staff respectfully request that this Court grant their Motion to Dismiss the deliberate indifference claim against them.

**B. Plaintiffs failed to adequately plead a claim for *Monell* liability for unconstitutional policies, customs, and practices.**

Plaintiffs argue that they have sufficiently alleged a *Monell* claim for unconstitutional policies, customs, and practices because they generally list certain policies or customs throughout the SAC. *See* Dkt. 54, pp. 10-11. As a preliminary matter, Plaintiffs rely on references to incidents in sites outside of San Luis Obispo and the state of California. Moreover, Plaintiffs attempt to add new facts not alleged in the SAC, specifically that "Wellpath/CFMG is not a jail-specific policymaker whose practices begin and end at San Luis Obispo County Jail." *Id*. at 11. It is wholly improper to include facts not alleged in the SAC, and such allegations should be disregarded. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Without directing the Court to any supporting case law, Plaintiffs generally conclude that the allegations as alleged are sufficient to survive a motion to dismiss. This is wholly incorrect. As stated in the Motion to Dismiss, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). The custom must be "so persistent and widespread that it constitutes a permanent and well settled city policy." *Id*. (quoting *Monell*, 436 U.S. at 691). The Ninth Circuit has held that a plaintiff must meet a heightened pleading standard by showing that the

[1] Plaintiffs also take issue with the CFMG Defendants' citation to *Toguchi v. Chung*, 391 F.3d 1051 (2004) because it involves the 8th Amendment. The CFMG Defendants are not disputing that this matter falls within the protections of the 14th Amendment. However, *Toguchi* is instructive on the fact that a difference of opinion does not rise to the level of deliberate indifference.



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation. *Tsao v. Desert Palace, Inc.*, 698 F. 3d 1128, 1143-44 (9th Cir. 2012).

In fact, the Central District has rejected sweeping allegations of policies and customs in the absence of facts supporting their existence and applicability. *Moore v. City of Orange*, 2017 WL 10518114, at *3-4 (C.D. Cal. Sept. 25, 2017) (finding that "speculative list of various customs, policies, and practices that allegedly violated" constitutional rights without allegations of underlying facts "failed to meet the Monell pleading standard"); *Herd v. Cty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. Apr. 27, 2018) (dismissing Monell claims where plaintiffs "fail[ed] to allege any facts showing that any of [the] claimed policies or customs actually exist"); *Maldonado v. County of Orange*, No. 8:19-cv-00883, 2019 WL 6139937, at *2 (C.D. Cal. Aug. 29, 2019) (dismissing Monell claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies and practices generally empower excessive force, but 'Plaintiff[ ] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here").

Simply put, listing out other cases, unrelated to the present matter, is insufficient to state a claim for *Monell* liability for unconstitutional policies, customs, and practices. *See Gonzalez v. Cnty. of Merced*, 289 F. Supp. 3d 1094, 1098-99 (E.D. Cal. Dec. 7, 2017) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). In this matter, the SAC fails to allege that CFMG and Wellpath maintained an unconstitutional custom or practice of failing to treat patients who present as a suicide risk. Instead, unsupported by case law, Plaintiffs broadly

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

argue that CFMG and Wellpath maintain general policies of failing to respond to various serious medical needs in various facilities unrelated to the San Luis Obispo Jail. *See* Dkt. 54, p. 11. This is simply insufficient to establish any policy, pattern, or longstanding practice.

Therefore, Plaintiffs have failed to meet the pleading standard for a *Monell* claim for unconstitutional policy, custom or practice under the Fourteenth Amendment, and this claim should be dismissed with prejudice.

**C. Plaintiffs failed to adequately plead a *Monell* claim under a ratification theory.**

Plaintiffs next argue through conclusory statements and plain recitations of their allegations that the SAC sufficiently alleges a ratification theory. *See* Dkt. 54, p. 12. Such conclusory statements and restatements from the SAC, however, are insufficient to support Plaintiffs' Opposition, particularly when unsupported by any case law. The Central District, in fact, has declined entirely to address underdeveloped and conclusory arguments unsupported by case law. *Murchison v. City of Newport Beach, California*, 2025 WL 1723167, *9 (C.D.Cal., 2025).

Courts have held that when a complaint fails to plead facts as to *how* a policymaker ratified allegedly unconstitutional conduct, it does not sufficiently allege a *Monell* claim for ratification. *See Perryman v. City of Pittsburg*, 545 F.Supp.3d 796 (N.D. Cal. Feb. 10, 2021).[2] In *Perryman*, the Court analyzed the plaintiff's *Monell* claim based on ratification and found it factually insufficient. *Id.* at 803. Relevant to the case at hand, the *Perryman* Court held:

> The FAC states that defendant's 'authorized policymakers ... approved ... prior conduct' and thus 'made a deliberate choice to endorse defendant [officers'] decisions and the basis for those decisions.' These allegations are conclusory and lacking factual support of ratification.

[2] Plaintiffs take issue with CFMG's reliance on *Lytle v. Carl*, 382 F.3d 987, 978 (9th Cir. 2004). However, *Lytle* has been cited by the Ninth Circuit in other applicable matters, including *Perryman*, outlined here.



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

> The FAC does not state what action by the defendant constituted approval. *Cf. Lytle*, 382 F.3d at 987 ("A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim")."

*Perryman*, 545 F.Supp.3d at 803.

Here, the same is true. Plaintiffs simply argue that the SAC alleges that "Wellpath/CFMG personnel acted with their principals' 'complete authority and ratification'" based on unrelated examples across the country and California. *See* Dkt. 54, p. 13. These are legal conclusions. There are no factual allegations anywhere in the SAC to support them. The SAC does not allege that any specific policymaker of CFMG or Wellpath had actual knowledge of Mr. Goss's alleged constitutional violation or that any policymaker actually approved of it. At best, Plaintiffs have alleged that CFMG and/or Wellpath failed to overrule the clinical decision of three staff members. This is not sufficient to support a *Monell* ratification claim. *See Lytle,* 382 F.3d at 987.

**D. Plaintiffs failed to adequately plead a failure to train claim under *Monell*.**

In their Opposition, Plaintiffs once again attempt to allege new facts not included in the SAC to support their ratification argument. Specifically, Plaintiffs now allege that the "failure to train claims against the County are equally valid against CFMG/Wellpath." *See* Dkt. 54, p. 13. Plaintiffs are asking the Court to take allegations asserted against the County in the SAC, and apply them to CFMG and Wellpath. As stated above, it is improper to allege new facts not in the SAC, and these new facts cannot be considered by the Court in reviewing the Motion to Dismiss. *Schneider*, 151 F.3d 1197 n.1.

Plaintiffs' entire argument is based on allegations specific to the County—not CFMG or Wellpath. *See* Dkt. 54, p. 13. "To allege a failure to train, a plaintiff must





GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1153-54 (9th Cir. 2021) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)). In the SAC and Opposition Brief, Plaintiffs fail to allege facts identifying a training policy specific to CFMG or Wellpath. Instead, Plaintiffs request that the Court infer that any allegation against the County is an allegation against CFMG or Wellpath. The single allegation Plaintiffs do reference, to argue that the "SAC [ ] alleges prior notice of deficient training independent of the incident at issue," involves a different county. *Id* at 14.

Overall, the SAC is silent with respect to any factual allegations establishing a deficient training program *by CFMG or Wellpath*, *in San Luis Obispo County.* Instead, Plaintiffs merely conclude that they were "on notice." *See* Dkt. 54, p. 14. This is insufficient to support a *Monell* failure to train claim.

### E. Plaintiffs failed to sufficiently allege a state created danger claim against Amber Bortello, Francie Tillman and Ylliana Keller.

First, Plaintiffs do not distinguish any of the cases cited by the CFMG Defendants in their Motion to Dismiss. *See* Dkt. 54, p. 14-5. Nor do Plaintiffs cite to any case law of their own to support their arguments. *Id*. Instead, Plaintiffs rest on conclusory statements that they allege "affirmative clinical assessments and disposition decisions left Goss in general population despite known suicide-risk factors" and that this cannot be resolved on a motion to dismiss. *Id* at 14. Plaintiffs' argument ignores the CFMG Defendants' Motion and relevant case law.

Instead, to survive the Motion, Plaintiffs attempt to recategorize their allegations as affirmative actions and not omissions. The SAC, however, contains only conclusory allegations of omissions by the CFMG Staff. *See* Dkt. 25, ¶¶ 8, 15.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

This is analogous to the facts alleged in *Christina Psalms, et al., v. City and County of San Francisco, et al.*, 2026 WL 2446789 (N.D.Cal., 2026). In *Psalms*, the plaintiff alleged things that the defendants failed to do, specifically, failing to determine a health baseline, failing to monitor vitals, and failing to train personnel about monitor devices. 2026 WL 2446789 at *3. The Court found that plaintiff's allegations focused on what the defendants *did not* do and not affirmative acts. The Court determined that this was insufficient to plausibly plead a state-created danger claim. *Id*.

Similarly here, Plaintiffs alleged that the CFMG Defendants failed to do numerous things which created a foreseeable danger to Mr. Goss. *See* Dkt. 25, ¶¶ 8, 15, 132; Dkt. 54, p. 14-5. Such allegations are insufficient to state a state-created danger claim. Such allegations are omissions, not affirmative actions. While Plaintiffs now attempt to recharacterize these allegations as affirmative acts, it does not correct the deficiencies in the SAC.

**F. Plaintiffs failed to sufficiently allege a Bane Act claim against the CFMG Defendants.**

Plaintiffs cite a singular case in support of their Bane Act claim. *See* Dkt. 54, p. 15. *Reese v. Cnty. Of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) is instructive for excessive force claims, not mental health deliberate indifference claims.

In *Reese*, police officers responded to a 911 call that a man walked out of apartment 144 and fired an automatic gun. Police officers knocked on the door, and the plaintiff came out with a knife. A shot was fired, but when the officer went to see the plaintiff in the house, he was standing upright with the knife. The officer shot the plaintiff, but he survived. *Reese*, 888 F.3d at 1035. The Court agreed that excessive force satisfies the coercion, intimidation, and threat requirement of the Bane Act. *Id* at 1043. By definition, excessive force equates to intimidation.

The present matter involves mental health care, which is vastly different from excessive force. In fact, the Eastern District has held that "[i]ncarceration coupled

with deliberate indifference to medical and psychiatric needs does not constitute 'threats, intimidation, or coercion' for purposes of section 52.1." *Lopez v. Cnty. Of Tulare*, No. CV-F-11-1547-LJO-BAM, 2012 WL 33244 (E.D. Cal. Jan. 6, 2012).

Plaintiffs further argue that if the Court dismisses the deliberate indifference claim, they have pled the requisite intent for a Bane Act claim. *See* Dkt. 54, p. 15. However, Plaintiffs failed to allege any facts indicating the CFMG Defendants acted with threats, intimidation, or coercion. *See generally* Dkt. 25. In their Opposition, Plaintiffs conclusively argue that the CFMG Defendants acted with a reckless disregard for Mr. Goss's safety by failing to recommend protective housing. *See* Dkt. 54, p. 15. However, this Court has held that when, like in this case, a plaintiff's claim centers on alleged inaction and failure to protect the plaintiff from harm, there is no threat, intimidation, or coercion asserted. *Sachez v. Cnty. Of Los Angeles*, No. CV201146DSFPVCX, 2020 WL 9074714 (C.D. Cal. Apr. 28, 2020). Plaintiffs' Bane Act claim therefore fails both as a claim derivative of deliberate indifference, and on its own merit.

## III. CONCLUSION

Plaintiffs' Opposition to the CFMG Defendants' Motion to Dismiss fails to address any of the deficiencies identified in the SAC. Plaintiffs failed to allege sufficient facts to demonstrate that the actions of the CFMG Staff were objectively unreasonable. Plaintiffs' various *Monell* claims fail to identify policies or customs applicable to this jail or factual circumstance, fail to identify relevant trainings, and fail to demonstrate that CFMG or Wellpath ratified the actions of the staff. Plaintiffs fail to allege affirmative acts needed to plausibly plead a state-created danger claim. And Plaintiffs fail to allege the requisite intent required for a Bane Act claim. For the reasons discussed above and in their Motion to Dismiss, the CFMG Defendants respectfully request that this Court dismiss these claims against them with prejudice

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

and without leave to amend.

Dated: September 4, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kendra Stark*
Kendra Stark
Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

**THE UNDERSIGNED, COUNSEL OF RECORD FOR THE CFMG DEFENDANTS CERTIFIES THAT THIS BRIEF CONTAINS 3,593 WORDS, WHICH COMPLIES WITH THE WORD LIMIT OF L.R. 11-6.1.**

Dated: September 4, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kendra Stark*
Kendra Stark
Attorney for Defendants Wellpath, California Forensic Medical Group, Amber Bortello, Francine Tillman, and Ylliana Keller

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**PROOF OF SERVICE**

*U.S.D.C. Central District of California, Case No.: 2:26-cv-04235-SB-RAO*

I, Kendra N. Stark, certify that this document, filed through the Court's ECF system on **September 4, 2026**, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Kendra N. Stark*